OPINION
{¶ 1} Defendant-appellant, William M. Ditty, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Columbus Countywide Development Corporation ("Columbus Countywide"), in the amount of $17,395.84, the unpaid balance on a loan agreement and promissory note defendant executed. Defendant assigns a single error, as follows:
The Trial Court Erred When It Granted Summary Judgment To Plaintiff-appellee On The Mistaken Belief That Defendant-appellant, William M. Ditty, Had Not Properly Pleaded The Affirmative Defenses Asserted By Said Defendant-appellant In Opposition To Plaintiff-Appellee's Motion For Summary Judgment.
Because the trial court properly entered summary judgment for Columbus Countywide, we affirm.
 {¶ 2} On April 2, 1996, Junior Village of Dublin, Inc. ("Junior Village"), a child-care facility Shahnez Ditty operated, entered into a $25,000 loan agreement and corresponding promissory note with Columbus Countywide. The terms of the loan agreement and note required monthly payments of principal and interest, at the rate of 10.25 percent per annum, on the first day of each month for a period of 60 months. Shahnez Ditty and defendant, as individuals as well as in their corporate capacities as President and Secretary-Treasurer of Junior Village, respectively, signed both documents. In addition to the loan agreement and note, Shahnez and defendant also executed, in their corporate capacities only, a Small Business Administration ("SBA") guaranty. Shahnez and defendant were married when they executed the documents.
 {¶ 3} Section 9 of the loan agreement and Section 6 of the note list "events" that could result in the loan and note being declared in default, including, pertinent to this appeal, failure to make the required monthly payment within five days of the due date. Section 10 of the loan agreement and Section 6(C) of the note set forth the lender's rights in the event the loan is declared in default; such rights include demanding immediate payment of all principal and interest the borrowers and/or guarantors owed. In addition, Section 6(B) of the note contains the following acceleration clause:
If I am in Default, the Lender may send us a written notice telling us that if I do not pay the overdue amount by a certain date, the Lender may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date will be at least 30 days after the date on which the notice is delivered or mailed to us.
 {¶ 4} Further, Section 11 of the loan agreement and Section 8 of the note state that if more than one person signs the document, each person is fully and personally obligated to pay the full amount owed, and Columbus Countywide may enforce its rights against each person individually. Section 17 of the loan agreement further states that any changes to the agreement are required to be in writing and agreed upon by both the borrower and the lender.
 {¶ 5} A little over a year after the documents were executed, defendant and Shahnez were divorced. On February 19, 1998, Columbus Countywide and Shahnez executed an "Amendment to Loan Agreement and Promisary [sic] Note" ("amendment") which purports to change some of the terms and conditions of the original loan agreement and note. In particular, the amendment indicates that the borrower was notified in writing that the loan was in default and had, in lieu of Columbus Countywide exercising its right to immediate payment of all principal and interest due, agreed to a restructuring of the payment schedule for a period of six months. In addition, the amendment states that all other terms and conditions of the loan agreement and note remain in full force and effect. The amendment further indicates that both the lender and borrower acknowledge the loan to be in default, and understand that neither had waived any rights under the original loan documentation, except as to the manner and method of loan repayment set forth in the amendment.
 {¶ 6} On August 30, 1999, Columbus Countywide filed a complaint alleging that defendant, Junior Village and Shahnez Ditty defaulted under the terms of the loan agreement and note, failed to respond to Columbus Countywide's demand to liquidate the debt, and were thus indebted to Columbus Countywide, jointly and severally, for the entire balance due and owing.
 {¶ 7} Defendant filed an answer in which he denied defaulting on the loan; he also asserted several affirmative defenses. In particular, he alleged that "by its own conduct, Columbus Countywide has waived, abandoned or released, and is further estopped from pursuing" any claims against him. Defendant further alleged that the February 19, 1998 amendment between Columbus Countywide and Shahnez constituted a novation which extinguished any claims Columbus Countywide may have possessed against him, as either principal or guarantor, under the original agreement. In addition, defendant filed a cross-claim against Shahnez, alleging that she had breached the terms of their separation agreement.
 {¶ 8} Columbus Countywide filed a motion for summary judgment on December 21, 1999, contending it was entitled to judgment as a matter of law because defendants defaulted on the loan agreement and note by failing to make monthly payments in accordance with the terms and conditions of those contracts. As a result, Columbus Countywide asserted, defendants were jointly and severally liable for the entire amount due and owing on the note.
 {¶ 9} Columbus Countywide supported its motion with a copy of the loan agreement and note and with an affidavit of Andrea P. Brocklehurst, the duly authorized representative of Columbus Countywide's records. Brocklehurst stated Columbus Countywide is the holder of the loan agreement and note that is the subject of the complaint, and defendant, Junior Village, and Shahnez Ditty defaulted under the terms of the loan agreement and note. Brocklehurst further set forth the full amount due and owing on the note, averred defendants were entitled to no credits for unapplied payments, and stated no setoffs, valid affirmative defenses or counterclaims reduce the balance owed.
 {¶ 10} On April 3, 2000, defendant filed a memorandum contra Columbus Countywide's motion for summary judgment, contending that genuine issues of material fact existed as to: (1) whether he could be held liable under a loan agreement that was amended without his knowledge or consent in violation of the terms of that contract; and (2) whether or not Columbus Countywide must provide notification of default as a precondition to enforcement of the agreement against defendant. Defendant supported his memorandum contra with his own affidavit stating that he did not receive notice the loan was in default until he was served with Columbus Countywide's complaint; that Columbus Countywide and Shahnez amended the original agreement without his knowledge, consent, or participation in violation of that agreement; and that had he known of the proposed amendment, he would not have consented to it.
 {¶ 11} In a decision filed August 1, 2000, the trial court granted summary judgment to Columbus Countywide, concluding that the evidence presented in support of and in opposition to Columbus Countywide's motion for summary judgment established defendant was in default on the loan by failing to make the required monthly payments. Determining that the loan agreement and note gave Columbus Countywide the right to accelerate the note and call the balance due 30 days after providing the makers notice of the default, the court further determined defendant received notice of the default in September 1999 when Columbus Countywide filed its case. Moreover, because 30 days had transpired since that event, the trial court concluded Columbus Countywide was entitled to accelerate the note and call the balance due on the note. Lastly, the court found that, under the terms of the loan agreement and note, defendant, as co-maker on both, was personally and individually liable for the full amount due and owing. In addressing defendant's affirmative defenses of novation, release, and abandonment, the court stated that because defendant raised them for the first time in his memorandum contra Columbus Countywide's summary judgment motion, defendant had failed to comply with Civ.R. 8(C). Accordingly, the trial court did not consider them in reaching its decision.
 {¶ 12} The court, however, considered defendant's affirmative defenses of waiver and estoppel, and it concluded that, as a matter of law, defendant could not employ either defense. Citing the clauses in both the loan agreement and note requiring all subsequent modifications to be in writing, the court determined that no written modification was made to either document that would serve to eliminate defendant's contractual liability. The court further determined that whether Columbus Countywide modified the loan agreement with Shahnez was irrelevant, as the original agreement and note clearly stated that Columbus Countywide could enforce either agreement against either maker individually or jointly. Accordingly, the trial court entered summary judgment for Columbus Countywide in the amount of $17,395.84, plus accrued interest of $884.21 through December 1, 1999, plus interest thereafter at the rate of 10.25 percent per annum and costs.
 {¶ 13} Defendant appealed, but this court on April 4, 2001 dismissed the appeal sua sponte for lack of a final appealable order, as the trial court judgment did not determine the pending cross-claim and did not include Civ.R. 54(B) language in its entry. Defendant subsequently obtained judgment against Shahnez on his cross-claim. His original notice of appeal was re-docketed, and the matter is now before this court for resolution.
 {¶ 14} Defendant contends the trial court's decision granting summary judgment for Columbus Countywide is fatally flawed because it was rendered under the mistaken belief that defendant had not asserted the affirmative defenses of novation, waiver, release and abandonment in his answer, with the result that the trial court failed to consider those defenses before rendering summary judgment. Columbus Countywide concedes that the court erroneously stated defendant failed to plead said affirmative defenses in his answer, but it contends the trial court's error was not prejudicial because the court gave the defenses due consideration. More specifically, Columbus Countywide argues that the rationale that led the court to reject defendant's waiver and estoppel arguments would apply with equal force to defendant's assertions regarding the affirmative defenses of novation, release and abandonment.
 {¶ 15} Because defendant's assignment of error arises out of the trial court's ruling on a motion for summary judgment, we view the disposition independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. In conducting our review, this court applies the same standard as that employed by the trial court. Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107, jurisdictional motion overruled (1993), 66 Ohio St.3d 1488. Summary judgment should be rendered only where the evidence demonstrates that: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 16} As the Supreme Court explained:
[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. (Emphasis sic.)
 {¶ 17} To meet its burden under Dresher, Columbus Countywide presented evidence, in the form of Brocklehurst's affidavit, demonstrating that defendant defaulted on the loan agreement and note. Further, the loan agreement and note state that, upon default, Columbus Countywide could elect to demand immediate payment of the full amount of principal and interest owed. In addition, the loan agreement and note establish that defendant signed both documents in his individual capacity, thereby obligating him personally on the debt.
 {¶ 18} As Columbus Countywide met its Dresher burden, defendant then was obligated to present competent evidence of the type listed in Civ.R. 56(C) to create a genuine issue of material fact as to his liability on the loan agreement and note. Defendant argues that genuine issues of material fact exist about (1) his liability under the loan agreement because it was amended without his knowledge or consent in violation of the terms of that contract, and (2) notification of default that must be provided as a precondition to enforcement of the note against him. Defendant supports his contentions with his own affidavit averring that the loan agreement was amended without his knowledge or consent, and that he would not have agreed to such amendment had he known about it. He further states that he did not receive notice of the default until he was served with a copy of Columbus Countywide's complaint in September 1999.
 {¶ 19} The interpretation of a written contract is, in the first instance, a matter of law for the court. The Toledo Group, Inc. v. Benton Indus., Inc. (1993), 87 Ohio App.3d 798, 805, citing Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, paragraph one of the syllabus. In construing a written agreement, a court's primary objective is to ascertain and give effect to the intent of the parties, which can be found in the language they choose to employ. Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth. (1997),78 Ohio St.3d 353, 361. If it is clear and unambiguous, the court need not go beyond the plain language of the contract to determine the rights and obligations of the parties. Aultman Hosp. Assn. v. Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51, 53. The court must give effect to the contract's express terms in determining the rights and obligations of the parties and cannot, in effect, create a new contract by finding an intent not expressed in the clear language used by the parties. Shifrin v. Forest City Ent., Inc. (1992), 64 Ohio St.3d 635, 638. "Common words appearing in the instrument will be given their plain and ordinary meaning unless manifest absurdity results or some other meaning is clearly evidenced from the face or overall contents of the contract." The Toledo Group, at 805, citing Alexander at paragraph two of the syllabus.
 {¶ 20} Defendant's contention that Columbus Countywide's amendment of the note with Shahnez eliminated defendant's obligation on the loan agreement and note is unpersuasive. The amendment changed only the method and manner of repayment of the loan with respect to Shahnez and did nothing to change defendant's contractual liability. Further, Columbus Countywide protected itself by expressly providing in the amendment that it had not waived any rights under the loan agreement; thus, the terms and conditions of the loan agreement remained in full force and effect. Those clear and unambiguous terms and conditions impose personal liability on defendant for payment of the debt.
 {¶ 21} Defendant's contentions regarding the notice of default issue similarly are unpersuasive. While the terms of the note include a provision regarding notice, they do not require that Columbus Countywide provide defendant written notice of default. Rather, the acceleration clause in the note states that, if the note is in default, Columbus Countywide "may send [defendant] a written notice" informing him that if he does not pay the overdue amount by a certain date, Columbus Countywide may require immediate payment of the outstanding principal and interest. The language is permissive, not mandatory. Cf. Banker's Trust Co. v. Robertson, Ashland App. No. 02-CAO-030, 2003-Ohio-252 (finding failure to give notice following breach precluded acceleration where note provided that lender "shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument") (emphasis added); cf. Athens Small Business Center, Inc. v. McGuire (Mar. 27, 1986), Athens App. No. 1262 (finding filing complaint did not satisfy notice requirement of the note that required notice and an opportunity to cure).
 {¶ 22} Further, notice of default generally is not required prior to filing an action on a guaranty since the creditor's cause of action against the guarantor ripens immediately upon the failure of the principal debtor to pay the debt. Barclays American/Commercial Inc. v. ROYP Marketing Group, Inc. (1988), 61 Ohio App.3d 701, 707, jurisdictional motion overruled (1989), 42 Ohio St.3d 716. Here, defendant expressly waived all forms of notice under the guaranty agreement:
The Undersigned waives any notice of the incurring by the Debtor at any time of any of the Liabilities, and waives any and all presentment, demand, protest or notice of dishonor, nonpayment, or other default with respect to any of the Liabilities and any obligation of any party at any time comprised in the collateral. * * *
Accordingly, Columbus Countywide was not required to provide notice of default to defendant, who had expressly waived such notice in the guaranty. Id.
 {¶ 23} Because no genuine issues of material fact remains concerning the amendment of the note or the notice of default, the trial court did not need to consider defendant's affirmative defenses, as defendant specifically asserted in his answer that his affirmative defenses arose out of Columbus Countywide's "own conduct" in breaching the loan agreement and note through Columbus Countywide's amending the agreement and failing to provide notice of default. As such, the trial court's failure to address those defenses is of no import. The trial court did not err in entering summary judgment in favor of Columbus Countywide on its complaint.
 {¶ 24} For the foregoing reasons, we overrule defendant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
WATSON and SADLER, JJ., concur.