OPINION
{¶ 1} Defendant-appellant, George Kilgore, appeals his felony theft conviction on the grounds that the Butler County Court of Common Pleas erred by removing him from the courtroom during his trial. We affirm appellant's conviction.
 {¶ 2} According to the transcript of proceedings, the following occurred at appellant's trial to a jury.
 {¶ 3} During the state's opening statement, the trial court removed the jury from the courtroom and cautioned appellant about being disruptive.[1] The trial judge stated that it "takes it very seriously that you get a fair trial in this case. And we are proceeding in a manner to make sure that you have a fair trial * * *. And you have a right to be present here and to participate in that trial. * * * What I am going to tell you is if you continue to be disruptive or should you be more disruptive, the Court could very well find that you have waived your right to be present for your trial and exclude you. And the trial could then go on in your absence."
 {¶ 4} Appellant responded by questioning the trial court at length, repeatedly stating that he could not get a fair trial when "all the facts are not being stated in this case." Appellant remained in the courtroom and both opening statements were presented.
 {¶ 5} After the state's first witness began to identify the person he claimed he saw removing a chair from a furniture store in 2003, appellant interrupted and told the trial court that he wanted to be removed from the court, stating, "This ain't fair. I have never seen you in my life." As the trial court instructed court personnel to remove the jury from the courtroom, appellant said, "Tell them about the videotape. I want them to know about that. * * * That's wrong. They should know about that. * * * I just want to be removed. How can you get a fair trial sitting there lying to me, sir? I ain't never seen you in my life."[2]
 {¶ 6} Outside the presence of the jury, the trial judge said, "Let the record reflect that the defendant, pursuant to his request and also as a result of two prior warnings from the court regarding his behavior, has been escorted out of the courtroom." The trial court subsequently issued cautionary instructions to the jury regarding appellant's conduct and jury members assured the court and trial counsel that appellant's outburst would not jeopardize their ability to be fair and impartial. The trial proceeded without appellant in the courtroom.
 {¶ 7} During a break and at the trial court's request, appellant's trial counsel talked with appellant about returning to the courtroom if he would conduct himself appropriately. Counsel indicated to the trial judge that appellant wished to return but "he wants to be able to say whatever he wants to say to the jury." The trial court indicated that appellant would be permitted to testify at the appropriate time, but the discussion between the trial court and appellant's counsel indicated that appellant wished to make a "speech" of some sort to the jury and was not agreeing to conform his conduct. Appellant did not return to the courtroom.
 {¶ 8} The trial court brought appellant back to the courtroom before the trial commenced the following day and asked appellant whether he would conform his behavior to proper courtroom decorum. Appellant indicated that he wanted to be removed from the courtroom. Appellant also declined to testify in his own behalf.
 {¶ 9} The trial continued and the jury subsequently returned a verdict of guilty on one of the two counts of theft. Appellant appeals his conviction, presenting two assignments of error.
 {¶ 10} Assignment of Error No. 1:
 {¶ 11} "THE TRIAL COURT ERRED BY REMOVING THE APPELLANT FROM THE COURTROOM DURING THE COURSE OF THE TRIAL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION."
 {¶ 12} Appellant advances several arguments under this assignment of error, which we will take out of order.[3]
 {¶ 13} Appellant argues that the trial court erred in removing him because his conduct was not so egregious to warrant removal.
 {¶ 14} Both the constitutional principles of "due process" and right to confrontation mandate the presence of a defendant at every stage of the trial, absent waiver of his rights or other extraordinary circumstances. State v. Williams (1983),6 Ohio St.3d 281, 286; see Illinois v. Allen (1970), 397 U.S. 337,338, 90 S.Ct. 1057; see, also, Section 10, Article I of the Ohio Constitution.
 {¶ 15} The "expanded scope of the Due Process Clause, at least in criminal proceedings, [is] embodied in Crim.R. 43(A)."Williams at 286. In accordance with Crim.R. 43 (A), a defendant shall be present at the arraignment and every stage of the trial * * *, except as otherwise provided by these rules. "In all prosecutions, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the verdict." Id.
 {¶ 16} Crim.R. 43(B) states that "[w]here a defendant's conduct in the courtroom is so disruptive that the hearing or trial cannot reasonably be conducted with his continued presence, the hearing or trial may proceed in his absence, and judgment and sentence may be pronounced as if he were present." Where the court determines that it may be essential to the preservation of the constitutional rights of the defendant, it may take such steps as are required for the communication of the courtroom proceedings to the defendant.
 {¶ 17} Flagrant disregard in the courtroom of the elementary standards of proper conduct should not and cannot be tolerated.Illinois v. Allen, 397 U.S. at 342-344. Trial judges "confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case," and "although no one formula will be best in all situations," trial courts may "bind and gag the defendant * * *", cite him for contempt, or "take him out of the courtroom until he promises to conduct himself properly". Id. at 343-344.
 {¶ 18} A review of the record indicates that, not only did appellant conduct himself in a disruptive manner after being warned by the trial court not to do so, he requested removal from the courtroom, and repeated that request the next day. Appellant chose voluntary absence, rather than conform his conduct to that requested by the trial court, namely that he refrain from verbally confronting witnesses or speaking directly to the jury during the state's case. Clearly there have been defendants whose behavior was more bizarre than appellant's. See, e.g., State v.Parrish, Butler App. No. CA2000-10-199, 2002-Ohio-5447
(defendant "stripped naked" on the day of his final trial after causing previous mistrials and continuances). However, appellant's challenge of a witness and outbursts in front of the jury made it "exceedingly difficult or wholly impossible" to carry on the trial. See Illinois v. Allen, at 338.
 {¶ 19} We also note that appellant was given opportunities to return to the courtroom for the remainder of his trial, but declined. Id. at 343 (once lost, the right to be present can be reclaimed as soon as "defendant is willing to conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings").
 {¶ 20} Finally, appellant did not object to his absence, and the failure to object to his absence constituted appellant's waiver of his right to be present. State v. Williams,6 Ohio St.3d at 287 (that the privilege waived had constitutional implications is of no significance as such rights too, if not properly exercised, may lapse); State v. Conway,108 Ohio St.3d 214, 2006-Ohio-791, ¶ 50-52.
 {¶ 21} Appellant next argues that he did not knowingly waive his presence in the courtroom, and, that his request to speak to the jury was a request to exercise his right to testify.
 {¶ 22} After reviewing the trial court's comments and its directions to appellant's counsel, we reject appellant's assertions. The trial court clearly informed appellant that he had a right to be present in the courtroom and that a fair trial was paramount, but appellant chose to be removed from the courtroom and to continue that removal.
 {¶ 23} We also cannot agree that appellant's offer to return to the courtroom so that he could speak to the jury was his attempt to exercise his right to testify. In fact, when specifically asked, appellant declined to testify. Given the context with which appellant's request was made and trial counsel's explanation of appellant's request, the trial court did not err in construing appellant's desire to say whatever he wanted to the jury as a request to continue his defiant behavior, not an attempt to exercise his right to testify.
 {¶ 24} Appellant also argues that the trial court erred in not communicating the trial proceedings to appellant, once appellant left the courtroom.
 {¶ 25} A better course to follow would have been for the trial court to make arrangements to communicate the proceedings to appellant. However, appellant is correct in noting that the language of Crim.R. 43(B) does not impose a mandatory obligation on the trial court when it states that the trial court may take such steps necessary to communicate the courtroom proceedings, "where the court determines that it may be essential to the preservation of the constitutional rights of the defendant." (Emphasis added.)
 {¶ 26} Appellant did not request to hear the proceedings and did not object to the trial court's procedures, thereby failing to give the trial court the opportunity to correct the issue. SeeState v. Slagle (1992), 65 Ohio St.3d 597, 605 (generally, appellate court will not consider an alleged error that the complaining party did not bring to the trial court's attention at the time the alleged error is said to have occurred, but reviewing court may consider an error that was not objected to when that error is a "plain error;" for plain error, court determines whether the court would have rendered a conviction even if the alleged error had not occurred).
 {¶ 27} A thorough review of the record and the testimony presented indicates that a "fair and just hearing was not thwarted by appellant's absence" and his inability to hear the proceedings. Cf. State v. Williams, 6 Ohio St.3d at 286, citingSnyder v. Massachusetts (1934), 291 U.S. 97, 54 S.Ct. 33
(prejudicial error in regard to defendant's presence at all stages of his trial, exists only where a fair and just hearing is thwarted by his absence).
 {¶ 28} Accordingly, the trial court did not abuse its discretion when it removed appellant from the courtroom. Appellant's first assignment of error is overruled.
 {¶ 29} Assignment of Error No. 2:
 {¶ 30} "THE TRIAL COURT ERRED BY PERMITTING THE IDENTIFICATION OF THE APPELLANT BY PHOTO ARRAY WHEN THE APPELLANT WAS AVAILABLE FOR IN-COURT IDENTIFICATION."
 {¶ 31} Appellant argues that, even though the photo array itself was not overly suggestive, using the photo array instead of bringing appellant into the courtroom was error. See Neil v.Biggers (1972), 409 U.S. 188, 93 S.Ct. 375 (before identification testimony is suppressed, the trial court must find that the procedure employed was so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification).
 {¶ 32} Appellant's assignment of error assumes the premise that appellant was available for an in-court identification. The trial court previously determined that appellant chose to remove himself from the proceedings rather than cease the disruptive behavior in front of the jury. We note that appellant's initial removal from the courtroom occurred when he interrupted the proceedings to protest a witness's in-court identification of him.
 {¶ 33} Further, appellant's trial counsel specifically stated that she did not object to witnesses identifying appellant from a photo array, and therefore, we are left to consider this assigned error under the doctrine of plain error. See Slagle at 605.
 {¶ 34} After reviewing the record, we do not find that the trial court abused its discretion in its decision to permit the introduction of the photo array as an exhibit and in permitting witnesses to use the photo array to identify the person about whom they were testifying. State v. Morales (1987),32 Ohio St.3d 252, 257 (admission or exclusion of evidence, in general, is left to the discretion of the trial court).
 {¶ 35} Further, we do not find that the outcome of the trial would have been different, but for the use of the photo array as there was no evidence of misidentification or any other prejudice. Appellant's second assignment of error is overruled.
 {¶ 36} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.
[1] We note that some reference was made to a previous incident, but that incident is not part of the record before this court.
[2] Later in the record, the trial court indicated that appellant stood up during one of his outbursts in the courtroom.
[3] The state's appellate brief fails to address most of the arguments set forth by appellant.