[Cite as *State v. Powell*, 2019-Ohio-4398.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-11-130 |
| | : | O P I N I O N |
| - vs - | | 10/28/2019 |
| | : | |
| NA'SHAY POWELL, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 18CR34353


David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

Kidd & Urling LLC, Thomas W. Kidd, Jr., 8913 Cincinnati-Dayton Road, West Chester, Ohio 45069, for appellant


**PIPER, J.**

{¶ 1} Appellant, Na'Shay Powell, appeals decisions made by the Warren County Court of Common Pleas during her trial on a single count of cocaine possession.

{¶ 2} After being indicted for cocaine possession, Powell pled not guilty and the matter proceeded toward a jury trial. During a pretrial hearing, Powell raised concerns regarding her court-appointed attorney and indicated that there were irreconcilable

differences between them. The trial court granted counsel's motion to withdraw, and appointed Powell a new attorney.

{¶ 3} During a subsequent pretrial hearing, Powell raised dissatisfaction with her second attorney. When questioned, Powell stated that she felt her attorney was not acting in her best interest because he was trying to persuade her to plead guilty and move the court for intervention in lieu of conviction rather than going to trial. The trial court reminded Powell that she was free to retain and pay for counsel of her choosing, but simultaneously determined there was no legal basis for dismissing her court-appointed attorney.

{¶ 4} At a third pretrial hearing, Powell again expressed displeasure with her attorney and the trial court offered to replace counsel. The trial court explained that should Powell wish to replace counsel a third time, her trial date would be delayed to allow new counsel to become familiar with her case and prepare for trial. When Powell expressed hesitation, the trial court gave Powell several days to consider her options and scheduled a follow-up hearing. During that hearing, Powell again expressed her discontent with her attorney, and upon further prompting from the trial court to make a decision regarding replacement of appointment counsel, Powell extemporaneously suggested that she would represent herself at trial. It was concluded Powell would proceed with trial represented by an attorney.

{¶ 5} Powell went on to argue with the trial court, suggesting that the judicial system was essentially biased against her. Powell threatened a lawsuit against the trial court and interrupted the trial court multiple times during the hearing. Eventually, the trial court ordered Powell removed from the hearing.

{¶ 6} During the first day of trial, Powell testified in her own defense. Against advice from her attorney, Powell moved the court to allow her to testify again on the second day of trial after the defense had rested its case. The trial court allowed Powell to testify, but stopped her when Powell began to incriminate herself and speak of matters that would waive

her attorney-client privilege. The trial court removed the jury and spoke to Powell regarding the dangers of waiving her privilege. Powell then accused the court of engaging in a conspiracy against her and did not obey the trial court's order to stay seated and silent. During the exchange that followed Powell's accusations, the trial court again warned her to sit and listen or the court would remove her from the courtroom given her "disruptive and disrespectful" behavior. The jury was then returned to the courtroom.

{¶ 7} Powell requested that the entire video of her arrest be shown the jury. During this time, Powell repeatedly made comments about the video and alleged that the video had been tampered with and was inaccurate. Powell failed to adhere to the trial court's numerous admonitions about the proper way to testify and how evidence could be admitted. Rather than abide by the court's orders, Powell again alleged bias and continued to speak out of turn. The trial court then had Powell removed from the courtroom and Powell watched the remainder of her trial from a monitor in a nearby room. During the time that Powell watched her trial, a rebuttal witness was called, counsel performed closing arguments, and the trial court issued jury instructions. After the instructions were given, Powell was permitted to return to the courtroom and the jury was then excused for its deliberations. The jury found Powell guilty, and the trial court sentenced her to community control with 60 days in jail. Powell now appeals, raising the following assignments of error.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT VIOLATED HER RIGHT TO SELF-REPRESENTATION AND RIGHT TO COUNSEL UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION.

{¶ 10} Powell argues in her first assignment of error that the trial court erred by denying her right of self-representation.

{¶ 11} According to the Sixth Amendment, a criminal has a right of self-representation

and may defend himself or herself without counsel when he or she voluntarily, knowingly, and intelligently elects to do so. *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, ¶ 71. "The assertion of the right to self-representation must be clear and unequivocal." *Id.* at ¶ 72. A request for self-representation is not unequivocal if it is a "momentary caprice or the result of thinking out loud, or the result of frustration." *Id.* at ¶ 73. Nor is a request unequivocal if it is "an emotional response." *State v. Steele*, 155 Ohio App.3d 659, 2003-Ohio-7103, ¶ 13 (1st Dist.). *See also State v. Frost*, 12th Dist. Fayette No. CA2018-11-023, 2019-Ohio-3540.

{¶ 12} We find that Powell's right to self-representation was not violated because she did not unequivocally and explicitly invoke her right. Rather, a review of the entire record demonstrates that Powell's reference to self-representation was the result of frustration and "thinking out loud." Appellant's comment about representing herself came immediately after she expressed her frustrations with defense counsel's strategy, as well as her vigorous belief that the court and judicial system were biased against her. When Powell referenced representing herself, it was an impromptu reaction to the trial court's insistence that the trial was not going to be further delayed for another attorney to be appointed.

{¶ 13} Further demonstrating Powell's spontaneous frustration were her comments that she did not feel "secure" with the judge presiding over her trial, did not feel "secure" with the prosecution, or "secure" with her own attorney. Instead, she suggested that her attorney and the state were conspiring against her to secure a conviction. Powell also stated her desire to stop "this whole shenanigan's" [sic] referring to the criminal process and upcoming trial. Powell later expressed her belief that the charge against her was "scandalous" and a "fraud," and accused the trial court of "playing on [her] intelligence."

{¶ 14} Powell's off-the-cuff comments, however, did not equate to an unequivocal assertion of her right to self-representation, and there was no actual request to proceed pro se, whether orally or by motion. As such, the trial court did not err in continuing with the trial

- 4 -

and maintaining appointed counsel for Powell. Powell's first assignment of error is, therefore, overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE TRIAL COURT ERRED BY REMOVING MS. POWELL FROM THE COURTROOM DURING THE COURSE OF THE TRIAL IN VIOLATION OF HER RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.

{¶ 17} Powell argues in her second assignment of error that the trial court erred by removing her from the courtroom during her trial.

{¶ 18} Crim.R. 43(B) provides,

> Where a defendant's conduct in the courtroom is so disruptive that the hearing or trial cannot reasonably be conducted with the defendant's continued physical presence, the hearing or trial may proceed in the defendant's absence or by remote contemporaneous video, and judgment and sentence may be pronounced as if the defendant were present. Where the court determines that it may be essential to the preservation of the constitutional rights of the defendant, it may take such steps as are required for the communication of the courtroom proceedings to the defendant.

{¶ 19} Blatant and deliberate disregard of the basic standards of proper conduct in the courtroom should not and cannot be tolerated. *State v. Kilgore*, 12th Dist. Butler No. CA2005-06-172, 2006-Ohio-2139, ¶ 16. Trial judges "confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case," including removal of the defendant from the courtroom. *Illinois v. Allen*, 397 U.S. 337, 343-344, 90 S.Ct. 1057 (1970).

{¶ 20} The record is replete with Powell's unabashed behavior during the court proceedings and her brazen disobedience to the trial court's direct orders to cease her "outbursts" and allow the trial to continue without her speaking out of turn. The trial court continuously cautioned Powell that she was not permitted to comment at will about the

- 5 -

testimony and evidence, statements from the prosecution and her own attorney, as well as rulings by the judge. At one point, when the trial court responded to one of Powell's outbursts by asking her if she wanted to watch the rest of the trial from a different room, Powell responded, "this is not fair, but it's all good because the revenge is the Lord's, know that, know that." The trial court began to speak, and Powell continued, "you all wouldn't let me expose the truth to the courtroom because you all dirty and scandalous because you all frame me[.]" [Sic.]

{¶ 21} The trial court warned Powell multiple times that she would be removed from the courtroom if she could not contain herself and exhibit proper behavior. However, and after stating her intent to behave properly, Powell continued to impede her trial by exhibiting the disruptive, contumacious, and stubborn behavior warned of in *Allen*. Finally, the trial court recessed the jury and then removed Powell from the courtroom, ordering that she watch from a monitor in a nearby room. Based on her own choices, and after receiving ample warnings of the consequences of her actions, the court acted properly in removing Powell from the courtroom.

{¶ 22} Powell also alleges that the trial court erred by not allowing her to return to the courtroom. While there is no indication in the record that the trial court offered Powell an opportunity to return to the courtroom if she was willing to behave, there is also no indication Powell would have followed through with such a promise. Numerous times, the trial court instructed Powell as to proper courtroom conduct, and numerous times Powell ignored the trial court. While the best practice is for trial courts to permit the defendant's return upon a promise of adherence to proper courtroom behavior, the advisement of such an opportunity is not a constitutional requirement or an enumerated right.

{¶ 23} Nothing in Crim.R. 43(B) requires a trial court to offer the defendant's return. Instead, and as stated by the United States Supreme Court, once lost, the right to be present

for trial "can" be reclaimed if the defendant is willing to conduct himself or herself "consistently with the decorum and respect inherent in the concept of courts and judicial proceedings." *Allen* at 343. However, the language used in *Allen* is permissive, not mandatory, and the ability of the defendant to return is within the trial court's discretion. *State v. Dumas*, 7th Dist. Mahoning No. 12 MA 31, 2015-Ohio-2683, ¶ 26.

**{¶ 24}** Whether a defendant is actually willing to conduct himself or herself properly in the courtroom is a determination that only the trial judge can make and is not otherwise required by common law, constitution, or statute.[1] In the case sub judice, the trial court had given Powell countless chances to correct her behavior. Powell never curtailed her behavior, nor did she allow the proceedings to continue without innumerable interruptions, outbursts, diatribes, and tirades, most of which centered on her unfounded belief of a conspiracy against her by the state, court, and her own counsel.

**{¶ 25}** Moreover, we find that Powell was not prejudiced by not being given the opportunity to return to the courtroom. Immediately prior to Powell being removed from court, she incriminated herself on the stand by admitting that she had cocaine in her possession on the night she was arrested. Powell spoke to the jury from her "heart" about wanting the jury to know the truth of what happened on the night she was arrested, including that she did, in fact, possess cocaine. Powell went on to state, "only thing I'm guilty of was really having cocaine on my own, but I did put it in my house and the officer went in there, searched without a search warrant."[2]

**{¶ 26}** By this time, and with Powell in the courtroom, the proverbial damage had been

---

1. The Sixth District Court of Appeals has noted its belief that a court must provide the defendant the ability to return once removed from court. *State v. Hernandez*, 6th Dist. Lucas No. L-06-1388, 2009-Ohio-386. However, our sister court did not provide an analysis to support its contention, and only cited *Allen* without further explanation.

2. Defense counsel argued during closing arguments that the jury should disregard Powell's testimony because when she spoke of having cocaine, it was a different possession than that charged in the indictment.

done. The only events occurring after Powell was removed included the calling of one rebuttal witness, closing arguments, and the reading of jury instructions. Otherwise, Powell had been in the courtroom for the majority of the proceedings and was not prejudiced by being absent for a small portion at the end after she had already admitted to possessing cocaine.

{¶ 27} Moreover, the trial court expressly instructed the jury that it was not to consider that Powell had been removed from the courtroom for any purpose and that her removal was not to impact the jury's "ultimate decision." The trial court further instructed that "you are to disregard the fact that she's not present in the courtroom," and asked whether the jury understood its instruction. The jury indicated its understanding of the trial court's instruction, and there is nothing in the record to indicate that the jury disregarded the instruction during its deliberation. *See State v. Tyree*, 12th Dist. Fayette No. CA2016-09-012, 2017-Ohio-4228 (a jury is presumed to follow a trial court's instructions).

{¶ 28} After a thorough review of the record, we find that the trial court showed great patience with Powell throughout the proceedings, and was well within its discretion to remove her so that the remainder of her trial could occur without further interruption. Therefore, Powell's second assignment of error is overruled.

{¶ 29} Judgment affirmed.

RINGLAND, P.J., and S. POWELL, J., concur.