OPINION
{¶ 1} Defendant-appellant, Adrian Bizzell, appeals his conviction in the Clinton County Court of Common Pleas for failure to comply with the order or signal of a police officer.
 {¶ 2} On September 22, 2005, appellant was indicted for failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B). Appellant's jury trial began on November 28, 2005. On that day, just before the trial was to begin, appellant indicated to the court that he did not want his attorney to represent him any further. The trial court *Page 2 
instructed appellant that he had the constitutional right to represent himself at trial. After briefly cautioning appellant against representing himself, appellant waived his right to proceed with an appointed attorney. The trial court permitted appellant to act pro se, but instructed appellant's appointed counsel to remain in the courtroom for assistance. Appellant was convicted, and sentenced to serve a four-year prison term. Appellant appeals his conviction, raising two assignments of error.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO PERMIT A SUBSTITUTION OF HIS ASSIGNED COUNSEL FOR MR. BIZZELL WHERE THE RECORD INDICATES A COMPLETE BREAKDOWN IN COMMUNICATION, MR. BIZZELL HAD NEVER PREVIOUSLY REQUESTED A SUBSTITUTION OF COUNSEL, AND THE TRIAL DATE IN THE MATTER HAD NEVER PREVIOUSLY BEEN CONTINUED."
 {¶ 5} "An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate `good cause' to warrant substitution of counsel." State v. Cowans, 87 Ohio St.3d 68, 72,1999-Ohio-250, citing United States v. Iles (C.A.6, 1990),906 F.2d 1122, 1130. One such example of "good cause" is where there is a complete breakdown in communication between the defendant and his court-appointed attorney. State v. Blankenship (1995),102 Ohio App.3d 534, 558.
 {¶ 6} The decision whether to substitute an appointed attorney for an indigent defendant is within the trial court's discretion. State v.Jones, 91 Ohio St.3d 335, 343-344, 2001-Ohio-0057. Therefore, we review the trial court's decision denying appellant's request for a substitution of counsel for an abuse of discretion. See State v.Murphy, 91 Ohio St.3d 516, 523, 2001-Ohio-112.
 {¶ 7} In support of appellant's request for a substitution of counsel, appellant explained to the trial court that his attorney, Inza Johnson Hebb, failed to file a motion to *Page 3 
dismiss the charge, as he had requested. Appellant also complained that Hebb failed to timely subpoena witnesses, failed to properly investigate the case, called him "crazy" and told him she did not like him.
 {¶ 8} In response to appellant's allegations, Hebb explained that she considered filing a motion to dismiss, but found that she could not properly support such a motion. Hebb further explained that she attempted to contact both of the witnesses appellant suggested, but was only able to reach one of them. Hebb stated that she found this witness to be of no assistance, and that appellant was not able to provide her with the means to contact the other witness. In addition, Hebb told the court that she had thoroughly reviewed the case and was prepared for trial.
 {¶ 9} After reviewing the record, we find that the trial court did not abuse its discretion in denying appellant's request for a substitution of an appointed attorney. Disagreement between a defendant and his attorney over trial tactics and strategy does not necessarily warrant a substitution of counsel. See State v. Glasure (1999),132 Ohio App.3d 227, 239. Moreover, mere hostility, tension, and personal conflicts between the defendant and his attorney do not constitute a total breakdown in communication, if those problems do not interfere with the preparation and presentation of a competent defense. State v.Gorden, 149 Ohio App.3d 237, 241, 2002-Ohio-2761. Appellant has failed to demonstrate that his differences with Hebb prevented her from competently representing him. Appellant's first assignment of error is overruled.
 {¶ 10} Assignment of Error No. 2:
 {¶ 11} "MR. BIZZELL'S WAIVER OF COUNSEL WAS NOT MADE KNOWINGLY AND VOLUNTARILY UNDER THE CIRCUMSTANCES, AND THEREFORE, HE WAS DENIED HIS RIGHT TO COUNSEL UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION *Page 4 
 {¶ 12} The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the constitutional right of self-representation when the defendant voluntarily, knowingly, and intelligently elects to waive his right to be represented by an attorney. State v. Gibson (1976), 45 Ohio St.2d 366, paragraph one of the syllabus, citing Faretta v. California (1975), 422 U.S. 806,95 S.Ct. 2525. To establish an effective waiver of counsel, the trial court must make sufficient inquiry to determine whether the defendant fully understands and intelligently waives this right. Gibson at paragraph two of the syllabus. While no single definitive test exists in determining whether a defendant voluntarily, knowingly, and intelligently waives his right to an attorney, Ohio courts generally examine whether the totality of the circumstances demonstrate such a waiver. State v. Doyle, Brown App. No. CA2005-11-020, 2006-Ohio-5373, ¶ 9.
 {¶ 13} "Nonetheless, `[t]o discharge this duty in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. * * * To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.' Gibson, 45 Ohio St.2d at 377, quoting Von Moltke v. Gillies (1948), 332 U.S. 708, 723, 68 S.Ct. 316. Crim. R. 44(C) also requires that the trial court obtain a signed, written waiver by the defendant in `serious offense cases.' Crim. R. 2(D) defines a `serious offense' as any felony." Doyle at ¶ 10.
 {¶ 14} "Although a defendant need not himself have the skill and experience of a lawyer in order to competently and intelligently choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will *Page 5 
establish that `he knows what he is doing and his choice is made with eyes open.'" Faretta, 422 U.S. at 835, citing Adams v. United States exrel. McCann (1942), 317 U.S. 269, 279, 63 S.Ct. 236.
 {¶ 15} According to the record, the trial court suggested to appellant that he had the constitutional right to represent himself at trial, and asked appellant if he wanted to represent himself. When appellant responded in the affirmative, the trial court advised appellant against representing himself, because he was facing a third-degree felony charge, and could potentially receive a five-year prison sentence if convicted. The trial court then explained to appellant that he would be waiving his constitutional right to an attorney. The trial court asked appellant if he was familiar with the process of a criminal jury trial, and if he was comfortable going forward with the trial. Appellant responded in the affirmative to both questions. The trial court then prepared a jury waiver form, which appellant signed.
 {¶ 16} Similar to our findings in Doyle, we find that the trial court in this case failed to determine whether appellant knew or understood the nature of the charge against him, the statutory offenses included within the charge, and possible defenses to the charge and circumstances in mitigation thereof. Doyle, 2006-Ohio-5373 at ¶ 14. Further, the trial court failed to fully explain the dangers and disadvantages of self-representation, including the admonition that appellant would be held to the same standards as an attorney, and that the trial court would not assist him in presenting his defense and complying with the procedural rules. Id.
 {¶ 17} However, unlike Doyle, we find that appellant has shown that but for the trial court's failure to properly advise him underFaretta and Gibson, he would not have waived his right to counsel and would not have proceeded pro se. In this case, appellant expressed a desire to "fire" his attorney, but appellant did not initially express a desire to proceed with the trial without an attorney. Rather, it was the trial court that suggested to appellant that he had *Page 6 
the constitutional right to represent himself. After a brief and incomplete colloquy, the trial court presented appellant with the following form, which appellant signed:
 {¶ 18} "Upon examination of the Indictment filed against me on September 22, 2005 by the State of Ohio, I hereby voluntarily waive and relinquish my right to a Court appointed attorney and legal counsel in this case. I realize that I have a right to an attorney free of charge but desire to represent myself. I do not desire to have a public defender attorney represent me in this jury trial scheduled for this date and understand this decision runs counter to the advice of my present attorney and the Court."
 {¶ 19} Upon reviewing the colloquy between the trial court and appellant and the waiver of counsel form signed by appellant, we find that appellant's waiver was not voluntarily, knowingly, and intelligently made pursuant to Faretta and Gibson. To be valid, a voluntary, knowing, and intelligent waiver of counsel "must be made with an apprehension of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter." Von Moltke v.Gilles (1948), 332 U.S. 708, 724, 68 S.Ct. 316, 323.
 {¶ 20} A court does not fulfill its responsibility to sufficiently inform a defendant as to that defendant's waiver of counsel merely because the defendant expresses a desire to represent himself, nor can the court fulfill this responsibility by ordering "standby counsel."State v. Richards (Sept. 20, 2001), Cuyahoga App. No. 78457. "However laudable, such appointments do not absolve the trial court from its responsibility to insure that the defendant is aware of the range of allowable punishments, the possible defenses to the charges and circumstances that might serve in mitigation, as well as any other facts that would demonstrate that the defendant understood the entire matter." Id.
 {¶ 21} Based upon the foregoing, we sustain appellant's second assignment of error. *Page 7 
Accordingly, appellant's conviction is reversed, and the case is remanded for a new trial.
 {¶ 22} Judgment affirmed in part, reversed in part, and cause remanded.
 POWELL, P.J., and WALSH, J., concur. *Page 1