OPINION
{¶ 1} Defendant-appellant, Dimitri Hubbard, appeals his conviction for felonious assault and attempted aggravated burglary from the Warren County Court of Common Pleas.
 {¶ 2} Appellant's charges were filed after it was alleged that appellant climbed a ladder and attempted to gain entrance into the second-floor window of the victim's residence and fired a gun at the victim as he fled from the scene.
 {¶ 3} A jury returned a guilty verdict as to both counts with gun specifications on each *Page 2 
count. On appeal, appellant presents three assignments of error.
 {¶ 4} Appellant argues under his first assignment of error that the trial court erred when it denied him the opportunity to obtain new trial counsel.
 {¶ 5} An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate "good cause" to warrant substitution of counsel. State v. Cowans, 87 Ohio St.3d 68, 72-73,1999-Ohio-250. The trial court's decision is reviewed under an abuse-of-discretion standard. Id.; State v. Bizzell, Clinton App. No. CA2006-04-015, 2007-Ohio-2160, ¶ 6-9.
 {¶ 6} We have reviewed the transcript related to appellant's request for new counsel and find that the trial court did not abuse its discretion in its decision as appellant failed to set forth "good cause" to warrant substitution. Appellant's first assignment of error is overruled.
 {¶ 7} Appellant argues under his second assignment of error that his conviction was against the manifest weight of the evidence.
 {¶ 8} A court considering whether a conviction was against the manifest weight of the evidence must review the entire record, weighing the evidence and all reasonable inferences, and consider the credibility of witnesses. State v. Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 39. The question is whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. Id.; State v. Blanton, Madison App. No. CA2005-04-016, 2006-Ohio-1785, ¶ 7.
 {¶ 9} A unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required to reverse a judgment on the weight of the evidence in a jury trial. State v. Thompkins,78 Ohio St.3d 380, 389, 1997-Ohio-52.
 {¶ 10} The state presented testimony from the alleged victim that a noise at his second-floor bedroom window woke him. The victim said he walked to the window and saw appellant on a ladder at the window. The victim testified that he fired four or five shots at *Page 3 
appellant and that appellant fired several shots at him as appellant was fleeing. The victim testified that he and his infant son were in the bedroom at the time.
 {¶ 11} The victim acknowledged that he had previous felony convictions. He told the jury that he knew appellant from the neighborhood, that the mother of his infant son is appellant's estranged wife, and she had been staying at his home for a few weeks before the incident.
 {¶ 12} Testimony was presented that several bullet holes were located in the window area, that pry marks were discovered on the "trim work" of the window, the screen for the window was found on the roof of an attached shed, and a six-foot ladder was leaning against the building under the window.
 {¶ 13} A forensic scientist testified that some fingerprints found at the scene could not be analyzed and that the fingerprints that were capable of examination did not belong to appellant. Testimony was also presented that a "bullet" found at the scene did not match the victim's gun, and no other gun was located for testing.
 {¶ 14} We must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, 231.
 {¶ 15} After reviewing the evidence under the applicable standard, we cannot find that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. Appellant's second assignment of error is overruled.
 {¶ 16} Appellant argues under his third assignment of error that the trial court violated his constitutional and statutory speedy trial rights.
 {¶ 17} In order to determine whether a constitutional right to a speedy trial has been violated, a court should weigh the length of the delay, the reason for the delay, the defendant's assertion of his right to a speedy trial, and the prejudice to the defendant as a *Page 4 
result of the delay. State v. Messer, Clermont App. No. CA2006-10-084,2007-Ohio-5899, ¶ 8, citing Barker v. Wingo (1972), 407 U.S. 514, 530,92 S.Ct. 2182.
 {¶ 18} Ohio's speedy-trial statutory provisions constitute a rational effort to enforce the constitutional right to a speedy trial and shall be strictly enforced by the courts. State v. Pachay (1980),64 Ohio St.2d 218, syllabus. Under the statutory provisions, an accused charged with a felony must be brought to trial within 270 days after the person's arrest. R.C. 2945.71(C)(2). When an accused is held in jail on the pending charge in lieu of bail, each day is counted as three days. R.C. 2945.71(E). The speedy-trial clock may be temporarily stopped or tolled, but only for reasons listed in R.C. 2945.72. State v.Sanchez, 110 Ohio St.3d 274, 2006-Ohio-4478, ¶ 8; State v. Feasal, Fayette App. No. CA2005-12-034, 2006-Ohio-034, ¶ 15.
 {¶ 19} We note that appellant filed motions for discovery and for a bill of particulars and the time needed by the state to respond to those motions. Appellant also executed a limited time waiver, filed a notice of alibi, and filed a motion to dismiss on speedy trial issues. See R.C. 2945.72(E) (the time within which an accused must be brought to trial, may be extended only by the following: * * * the period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused); see State v.Murray, Lorain App. No. 03CA008330, 2004-Ohio-4966 (after calculating the days charged to defendant to resolve his motions for discovery, bill of particulars, transcript at public expense, and his motion to dismiss on speedy trial violations, defendant's trial fell within statutory requirements).
 {¶ 20} We find that appellant's trial date fell within the statutory speedy trial requirements after tolling the appropriate time for the motions filed by appellant, and that the delay was reasonable with no resulting prejudice. Appellant's statutory and constitutional rights to a speedy trial were not violated. Appellant's third assignment of error is overruled. *Page 5 
 {¶ 21} Judgment affirmed.
 BRESSLER, P.J., and POWELL, J., concur. *Page 1