[Cite as *State v. Liso*, 2014-Ohio-3549.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2013-11-013 |
| Plaintiff-Appellee, | : | CA2013-11-016 |
| | : | O P I N I O N |
| - vs - | | 8/18/2014 |
| | : | |
| JAMES A. LISO, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 2011-2227


Jessica A. Little, Brown County Prosecuting Attorney, Mary McMullen, 510 East State Street, Suite 2, Georgetown, Ohio 45121, for plaintiff-appellee

Denise S. Barone, 385 North Street, Batavia, Ohio 45103, for defendant-appellant


**S. POWELL, J.**

{¶ 1} Defendant-appellant, James A. Liso, appeals from the decision of the Brown County Court of Common Pleas resentencing him to serve a term of ten-years-to-life in prison after he was found guilty of raping a ten-year-old child. For the reasons outlined below, we affirm.

**Facts and Procedural History**

{¶ 2} Following a two-day jury trial, Liso was found guilty of rape in violation or R.C.

2907.02(A)(1)(b), a first-degree felony. The charge stemmed from allegations he forced C.M., who was just ten years old at the time, to perform oral sex on him. The trial court then sentenced Liso to a straight ten-year prison term. Liso subsequently appealed.

{¶ 3} While his appeal was pending, the Ohio Department of Rehabilitation and Correction sent a letter to the trial court asking it to clarify Liso's sentence because the sentence imposed was not permitted by statute. Specifically, the letter informed the trial court that pursuant to statute it was required to impose a sentence of ten-years-to-life in prison as possible punishment for the rape of a child under 13 years old. After receiving the letter, the trial court then held a resentencing hearing, wherein it resentenced Liso to serve an indefinite term of ten-years-to-life in prison.

{¶ 4} On appeal, this court affirmed Liso's conviction, but remanded the matter to the trial court for resentencing. *See State v. Liso*, 12th Dist. Brown No. CA2012-08-017, 2013-Ohio-4759. In so holding, this court found the trial court lacked jurisdiction to hold the resentencing hearing while Liso's appeal was still pending. *Id.* at ¶ 37. Upon remand, the trial court held another resentencing hearing, wherein it again resentenced Liso to serve an indefinite term of ten-years-to-life in prison, the statutory mandatory minimum prison sentence under R.C. 2971.03(B)(1)(a) for a rape conviction in violation of R.C. 2907.02(A)(1)(b). Liso now appeals from the trial court's resentencing decision, raising one assignment of error for review.

{¶ 5} THE TRIAL COURT ERRED IN FAILING TO GRANT THE APPELLANT'S REQUEST FOR NEW COUNSEL TO BE APPOINTED TO REPRESENT HIM AT HIS RE-SENTENCING HEARING OF NOVEMBER 7, 2013.

{¶ 6} Although raised as part of a single assignment of error, Liso advances three issues for review as part of his challenge to trial court's decision resentencing him to serve an indefinite term of ten-years-to life in prison. Each of these three issues will be addressed

more fully below.

## The Trial Court Did Not Err by Denying Liso's Request for New Counsel to Represent Him during His Resentencing Hearing

{¶ 7} Initially, Liso argues the trial court erred by denying his request that new counsel be appointed to represent him during his resentencing hearing. "An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate 'good cause' to warrant substitution of counsel." *State v. Cowans*, 87 Ohio St.3d 68, 72 (1999), quoting *United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir.1990). Examples of "good cause" include a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result. *State v. Bullock*, 12th Dist. Clermont No. CA2005-04-031, 2006-Ohio-598, ¶ 13, citing *State v. Blankenship*, 102 Ohio App.3d 534, 558 (12th Dist.1995).

{¶ 8} "The decision whether to substitute an appointed attorney for an indigent defendant is within the trial court's discretion." *State v. Bizzell*, 12th Dist. Clinton No. CA2006-04-015, 2007-Ohio-2160, ¶ 6, citing *State v. Jones*, 91 Ohio St.3d 335, 343-344 (2001). In turn, this court reviews a trial court's decision denying a defendant's request to substitute appointed counsel under an abuse-of-discretion standard. *State v. Hubbard*, 12th Dist. Warren No. CA2007-01-008, 2008-Ohio-2630, ¶ 5. More than a mere error of judgment, an abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.

{¶ 9} In this case, Liso never alleged there was a conflict of interest between himself and his appointed counsel, Val E. Lewis, nor did he allege that there was a complete breakdown of communication between himself and his appointed counsel. Liso also did not allege that there was some irreconcilable conflict which could lead to an apparently unjust result. Rather, Liso merely alleged that he was entitled to new counsel because he had

previously raised an ineffective assistance claim against Lewis as part of his direct appeal. In addressing Liso's concerns, however, the trial court explicitly stated:

> I've already placed of record, Mr. Lewis, and Mr. Liso, that, obviously, the Court of Appeals has determined on what, I believe, was a pretty extensive appeal, * * * that you were not ineffective, and you have protected his rights. You are still one of the public defenders here who has the most experience. So I am going to have you, on this case, to protect Mr. Liso's interest. You know what happened at trial. You know what happened at sentencing. You are in the best position to protect his interest, and you will remain on this case[.]

{¶ 10} After a thorough review of the record, we find no abuse of discretion in the trial court's decision denying Liso's request to have new counsel appointed for him. Just as the trial court found, Liso was represented by an experienced public defender who served as his appointed counsel during both his trial and original sentencing hearing. Moreover, although Liso alleged ineffective assistance of counsel on direct appeal, this court overruled that assignment of error finding it lacked merit. The fact that Liso previously raised an ineffective assistance claim against his appointed counsel on direct appeal does not constitute "good cause" to warrant substitution of counsel. This is certainly true here as the record clearly indicates Liso maintained a professional and courteous relationship with Lewis, his appointed counsel, at all times. Liso's argument otherwise is without merit and overruled.

**The Trial Court Did Not Err by Sentencing Liso to the Statutory Mandatory Minimum Sentence of Ten-Years-to-Life in Prison**

{¶ 11} Next, Liso argues the "evidence was insufficient" to support the trial court's "excessive" sentence. However, pursuant to R.C. 2971.03(B)(1)(a), the trial court was statutorily required to resentence Liso to at least the mandatory minimum sentence of ten-years-to-life in prison due to his rape conviction under R.C. 2907.02(A)(1)(b). *See State v. Gilliam*, 1st Dist. Hamilton No. C-110587, 2012-Ohio-5034, ¶ 23; *State v. Murrell*, 2d Dist. Montgomery No. 24717, 2012-Ohio-2108, ¶ 30 (finding no error in the trial court's decision

sentencing appellant to ten-years-to-life imprisonment under R.C. 2971.03(B)(1)(a) as the "trial court imposed the specific sentence required by law in this case").  As the trial court explicitly stated during the resentencing hearing, R.C. 2971.03(B)(1)(a) "gives the Court no latitude on what the sentence that I must impose on you, Mr. Liso."  We find no error in the trial court's decision.  Liso's arguments to the contrary are also without merit and overruled.

**Liso Did Not Receive Ineffective Assistance of Counsel During his Resentencing Hearing**

{¶ 12} Finally, Liso argues he received ineffective assistance of counsel.  In support of this claim, Liso claims he received ineffective assistance when his counsel declined the trial court's invitation to "re-advise" him of his sexual offender responsibilities and registration requirements.  Yet, as a simple review of the record reveals, it was Liso himself who declined the trial court's invitation.  This is confirmed through the following exchange that occurred during the resentencing hearing:

> THE COURT:  * * * Generally speaking, * * * – it is the Court's opinion that the explanation of rights and duties, as a Tier III sex offender, which the Court went over, at the prior portion of the sentencing, was not [w]ell – vacated, nor was it held to have been improper.  Do you want me to reread his explanation of duties?
>
> [DEFENSE COUNSEL]:  No, I believe Mr. Liso understood that at that time.
>
> THE DEFENDANT:  Just say the first part again.  Just –
>
> [DEFENSE COUNSEL]:  Did you understand the – the registration requirements –
>
> THE DEFENDANT:  Yes, sir.
>
> [DEFENSE COUNSEL]:  -- once you get outta jail?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  Okay.  Do you want me to restate those?  The Court of Appeals didn't say I did that wrong, but if you want me to, I can go through all of those again.

THE DEFENDANT: No, sir.

As it was Liso himself who declined the trial court's invitation to re-advise him of his sexual offender responsibilities and registration requirements, Liso cannot now claim that he was provided with ineffective assistance of counsel regarding the same.

{¶ 13} The same is true regarding Liso's claim that he received ineffective assistance resulting from counsel's failure to present "better mitigation" at his resentencing hearing. As previously stated, the trial court resentenced Liso to the statutory mandatory minimum sentence of ten-years-to-life in prison as required by R.C. 2971.03(B)(1)(a). Therefore, even if we were to find a deficiency in his counsel's performance, which we do not, Liso cannot demonstrate any resulting prejudice therefrom. Liso's arguments otherwise are without merit and overruled.

## Conclusion

{¶ 14} Accordingly, having found no merit to any of the arguments advanced by Liso herein, Liso's single assignment of error is overruled.

{¶ 15} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.