[Cite as *State v. Tyree*, 2017-Ohio-4228.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-09-012 |
| | : | O P I N I O N |
| - vs - | | 6/12/2017 |
| | : | |
| LANCE E. TYREE, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20160108

Jess C. Weade, Fayette County Prosecuting Attorney, Fayette County Courthouse, 110 East Court Street, Washington C.H., Ohio 43160, for plaintiff-appellee

Steven H. Eckstein, 1208 Bramble Avenue, Washington C.H., Ohio 43160, for defendant-appellant

**PIPER, J.**

{¶ 1} Defendant-appellant, Lance Tyree, appeals his conviction in the Fayette County Court of Common Pleas for domestic violence.

{¶ 2} Tyree, who had twice before been convicted of domestic violence, went to the victim's home and later choked her during an argument. The victim, who shared two children with Tyree, was able to free herself from Tyree's choke hold, and ran out of the house. The

victim called the police department, and entered her car to drive away. She then saw a police officer, stopped him, and told him what Tyree had done to her. The officer told the victim to return to her home, which she did.

{¶ 3} However, upon her arrival to her house, the victim saw that her house was on fire and that Tyree was trying to put the fire out. The victim left again, and informed the same police officer that her house was on fire. The police officer called the fire department, and went with the victim back to her house. There, they were met by the fire department and by another police officer who saw Tyree at the rear of the victim's home.

{¶ 4} Tyree was ultimately arrested for domestic violence, and pled not guilty to the charges. Because Tyree had two previous convictions for domestic violence, the charge was filed as a felony of the third degree, and the matter was considered by the common pleas court. During the final pretrial hearing, Tyree orally moved the court to appoint him new counsel. However, the trial court denied Tyree's request, and the matter proceeded to trial. A jury found Tyree guilty, and the trial court sentenced him to three years in prison. Tyree now appeals his conviction, raising the following assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND DENIED DEFENDANT-APPELLANT A FAIR TRIAL AND DUE PROCESS OF LAW WHEN IT DENIED HIS MOTION FOR NEW COUNSEL IN VIOLATION OF HIS FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION, AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 7} Tyree argues in his first assignment of error that the trial court should have granted his motion for new counsel.

{¶ 8} "An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate 'good cause' to warrant substitution of counsel." *State v.*

- 2 -

*Liso,* 12th Dist. Brown Nos. CA2013-11-013 and CA2013-11-016, 2014-Ohio-3549, ¶ 7. "Good cause" includes a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result. *State v. Bullock*, 12th Dist. Clermont No. CA2005-04-031, 2006-Ohio-598, ¶ 13.

{¶ 9} "The decision whether to substitute an appointed attorney for an indigent defendant is within the trial court's discretion." *State v. Bizzell*, 12th Dist. Clinton No. CA2006-04-015, 2007-Ohio-2160, ¶ 6. This court reviews a trial court's decision denying a defendant's request to substitute appointed counsel under an abuse of discretion standard. *State v. Hubbard*, 12th Dist. Warren No. CA2007-01-008, 2008-Ohio-2630, ¶ 5. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *Liso* at ¶ 8.

{¶ 10} During the final pretrial hearing, Tyree asked the trial court why the original date of his trial had been rescheduled. At that point, Tyree's counsel explained that she had requested a continuance due to a conflict she had with the original date. After the trial court explained that it had rescheduled the trial date based on his counsel's request, Tyree asked for new counsel.

{¶ 11} However, there is no indication in the record that the change in the trial date resulted in a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict that lead to an apparently unjust result. The trial court specifically asked Tyree whether he and his counsel were "getting along okay," to which Tyree responded, "yeah." The only event that happened between Tyree's indication that he was working with his counsel was the change in the date of the trial.

{¶ 12} Tyree did not explain how the change of date prejudiced him or caused his relationship with his attorney to deteriorate. Moreover, there is no indication in the trial transcript that Tyree was unable to work with his attorney or that his trial was unfair in any

way because of his representation. As such, the trial court did not abuse its discretion in denying Tyree's motion for new counsel, and Tyree's first assignment of error is overruled.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND DENIED DEFENDANT-APPELLANT A FAIR TRIAL AND DUE PROCESS OF LAW WHEN IT FAILED TO GIVE SUFFICENT [SIC] CURATIVE INSTRUCTIONS TO THE JURY ON THE HOUSE FIRE NOT BEING RELEVANT TO DEFENDANT-APPELLANT'S GUILT, IN VIOLATION OF HIS FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION, AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 15} Tyree argues in his second assignment of error that the trial court failed to give sufficient curative instructions regarding the house fire.

{¶ 16} Curative instructions "are presumed to be an effective way to remedy errors that occur during trial." *State v. Trzeciak*, 12th Dist. Brown No. CA2014-06-010, 2015-Ohio-2219, ¶ 24. "A jury is presumed to follow instructions given by the trial court." *State v. Carpenter*, 12th Dist. Butler No. CA2005-11-494, 2007-Ohio-5790, ¶ 20.

{¶ 17} During the victim's testimony, she indicated that once she stopped the police officer on the road, she returned to her house but did not go inside because it was on fire. She also testified that she did not share all the details of Tyree choking her with police on the night of the incident because she was concentrating on her burning house. After this testimony, the trial court gave the following instruction to the jury:

> Ladies and Gentlemen you've heard some testimony about a fire at this location, that, and you may hear other, other witness [sic] refer to that. This has nothing to do with this case. It has nothing to do with the decisions that you have to make, it's only, I'm only allowing it in as assistance for you, whatever assistance it may be as you determine credibility of the witnesses and also to put some of these facts into some kind of context. But again,

- 4 -

the fact that there may or may not have been a fire, the cause of the fire, who set a fire, if anybody is not an issue for you to decide at all and you must not, you must not make any, form any opinions about that. Did any of you have any questions about that? Okay seeing none, next witness?

{¶ 18} The instruction clearly indicated to the jury that any reference to the fire, whether it had already happened during the victim's testimony, or would happen in the future within other witnesses' testimony, was not to be used for *any purpose* related to the charges against Tyree or in determining his guilt or innocence. Moreover, at no time during the trial – regardless of when the fire was discussed – did the witnesses intimate that Tyree was responsible for the fire.

{¶ 19} Instead, the state referenced the fire and the witnesses testified about it to offer context for other factual occurrences, such as why the victim did not go back into her home or provide a detailed statement that night. The fire also caused the state to delay taking photographs of the victim and her injuries, which was an important issue at trial in regard to whether the photos accurately depicted the victim's injuries at a given time. Another officer who was at the victim's home while it was on fire identified Tyree at the victim's house on the night of the domestic violence, and testified that he was able to see Tyree because of the fire's illumination. Thus, the only times the fire was discussed at trial was to provide proper context or an explanation for why events occurred as they did.

{¶ 20} Additionally, we are cognizant that once a jury is given a curative instruction, we are to presume that the jury followed that instruction. There is no indication in the record that the jury did not follow the instruction, especially where the trial court allowed the jury to ask questions about the instruction and specifically made the instruction applicable to future witnesses and any discussion of the fire. As such, we find that the curative instruction was sufficient in this case to avoid any confusion of the fire issue during the trial, and, therefore, overrule Tyree's second assignment of error.

{¶ 21} Assignment of Error No. 3:

{¶ 22} TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 23} Tyree argues in his third assignment of error that he received ineffective assistance of counsel.

{¶ 24} To prevail on an ineffective assistance of counsel claim, appellant must show his trial counsel's performance was deficient, and that he was prejudiced as a result. *State v. Clarke*, 12th Dist. Butler No. CA2015-11-189, 2016-Ohio-7187, ¶ 49; *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it fell below an objective standard of reasonableness. *Strickland* at 688. To show prejudice, appellant must establish that, but for his trial counsel's errors, there is a reasonable probability that the result of his trial would have been different. *Id.* at 694.

{¶ 25} The failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim. *Clarke* at ¶ 49. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *State v. Burns*, 12th Dist. Clinton No. CA2013-10-019, 2014-Ohio-4625, ¶ 7.

{¶ 26} Tyree argues in his third assignment of error that he received ineffective assistance of counsel due to three reasons. First, Tyree argues that his counsel was ineffective because she failed to obtain a dashcam video from a police cruiser that was at the victim's house on the night of the incident. However, Tyree does not indicate in any manner how the failure to obtain the video was deficient or how not having it shown at his trial was

- 6 -

prejudicial to him. In fact, Tyree does not explain in the least what was on the dashcam or how the results of his trial would have been different had the video been shown. Tyree has failed to show that his counsel was ineffective for not procuring the dashcam video.

{¶ 27} Second, Tyree argues that his trial counsel was ineffective for failing to emphasize the delay between the night of the incident and when police took photographs of the victim's injuries. While Tyree's counsel questioned the state's witnesses about the delay between the night of the incident and when photographs were actually taken, Tyree's counsel did not reiterate that point during closing arguments. Even so, and given that the jury was clearly exposed to the notion that the photographs of the victim's injuries were not taken on the night of the incident, we see no way that the results of Tyree's trial would have been different had his counsel belabored the point during closing arguments. This is especially true where closing arguments, unlike the testimony of witnesses who discussed the delay, are not evidence. Nor will we question what trial counsel chose to focus on during closing arguments, as such is certainly within counsel's trial strategy.

{¶ 28} Third, Tyree asserts that his counsel was ineffective for not being able to block the jury from hearing any information or mention of the fire that occurred at the victim's house on the night of the domestic violence. However, and as previously discussed, the jury was only informed of the fire to provide context and to explain why events occurred as they did. The jury, however, was expressly instructed not to consider the fire for any other purpose, and the jury is presumed to follow that instruction. As such, we see no deficient performance. Having found that Tyree did not receive ineffective assistance of counsel, we overrule his final assignment of error.[1]

---

1. Tyree also claims that the cumulative effect of his trial counsel's deficient performance was ineffective assistance of counsel. However, and as discussed within Tyree's assignment of error, we find no deficient performance by his trial counsel, and thus no negative cumulative effect.

{¶ **29**}   Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.