[Cite as *State v. Alspaugh*, 2018-Ohio-801.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2017-09-011 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 3/5/2018 |
| - vs - | : | |
| | : | |
| COURTNEY D. ALSPAUGH, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 17CR12266

Martin P. Votel, Preble County Prosecuting Attorney, Preble County Courthouse, 101 East Main Street, Eaton, Ohio 45320, for plaintiff-appellee

Kim Bui, 8080 Beckett Center Drive, Suite 112, West Chester, Ohio 45069, for defendant-appellant

**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Courtney D. Alspaugh, appeals from her conviction in the Preble County Court of Common Pleas after she pled guilty to involuntary manslaughter and aggravated trafficking in drugs. For the reasons outlined below, we affirm.

{¶ 2} On February 6, 2017, the Preble County Grand Jury returned a six-count indictment charging Alspaugh with, among other offenses, involuntary manslaughter, a first-

degree felony, and aggravated trafficking in drugs, a fourth-degree felony. The charges arose after it was alleged Alspaugh and a co-defendant provided a lethal dose of heroin to the victim, S.B., thus causing her to overdose and die. A short time later, on February 15, 2017, and after an attorney was appointed to represent her, Alspaugh appeared at her arraignment hearing and entered a plea of not guilty. The matter was then scheduled for a jury trial to be held on April 17, 2017.

{¶ 3} On April 3, 2017, Alspaugh moved for a continuance, which the trial court granted, thereby rescheduling her jury trial for May 30, 2017. At the state's request, the jury trial was then continued to June 26, 2017. Thereafter, on June 9, 2017, two weeks before her jury trial was scheduled to begin, Alspaugh filed a motion requesting new counsel be appointed to represent her at trial. In support of her motion, Alspaugh claimed she was "not getting actively represented" by her appointed counsel. Alspaugh further claimed that "[c]ommunication has been limited" with her appointed counsel and that she had "not received information like court dates."

{¶ 4} On June 16, 2017, the trial court held a hearing on Alspaugh's motion for new counsel. At this hearing, Alspaugh claimed she was "not being informed about anything," and that although her appointed counsel claimed to have called, she "never got anything. I don't, I'm not real sure why." In response, Alspaugh's appointed counsel claimed she had spoken with Alspaugh about her case multiple times both in person and on the phone. Alspaugh's appointed counsel further claimed that she "had not received by (sic) voice mails from her, so at this point, you know, I have spoken to her on multiple occasions. We met at some length and gone over the discovery." Following this hearing, the trial court issued a decision denying Alspaugh's motion for new counsel.

{¶ 5} On June 29, 2017, Alspaugh entered into a plea agreement, wherein she agreed to plead guilty to involuntary manslaughter and aggravated trafficking in drugs in

exchange for dismissal of the remaining charges against her. After engaging Alspaugh in the necessary Crim.R. 11 plea colloquy, the trial court accepted Alspaugh's guilty plea and scheduled the matter for sentencing. Approximately one month later, on August 24, 2017, the trial court sentenced Alspaugh to serve an aggregate five-year prison term. The trial court also notified Alspaugh she would be subject to a mandatory term of up to five years of postrelease control.

{¶ 6} Alspaugh now appeals from her conviction, raising two assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S REQUEST FOR NEW COUNSEL.

{¶ 9} In her first assignment of error, Alspaugh argues the trial court erred by denying her request for the appointment of new counsel after claiming she was "in the dark," did not know what was "going to be going on," and did not receive a return phone call from her appointed counsel. We disagree.

{¶ 10} "An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate 'good cause' to warrant substitution of counsel." *State v. Liso*, 12th Dist. Brown Nos. CA2013-11-013 and CA2013-11-016, 2014-Ohio-3549, ¶ 7. The term "good cause" includes a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result. *State v. Bullock*, 12th Dist. Clermont No. CA2005-04-031, 2006-Ohio-598, ¶ 13. The decision whether to substitute an appointed attorney for an indigent defendant is within the trial court's sound discretion. *State v. Bizzell*, 12th Dist. Clinton No. CA2006-04-015, 2007-Ohio-2160, ¶ 6. This court reviews a trial court's decision denying a defendant's request to substitute appointed counsel under an abuse of discretion standard. *State v. Hubbard*, 12th

- 3 -

Dist. Warren No. CA2007-01-008, 2008-Ohio-2630, ¶ 5. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *State v. Tyree*, 12th Dist. Fayette No. CA2016-09-012, 2017-Ohio-4228, ¶ 9.

{¶ 11} After a thorough review of the record, we find no error in the trial court's decision denying Alspaugh's motion for appointment of new counsel. Although Alspaugh claims otherwise, the record indicates Alspaugh was adequately represented by her appointed counsel at all times relevant. This includes Alspaugh's appointed counsel negotiating an advantageous plea deal that ultimately resulted in Alspaugh being sentenced to a reduced sentence of five years in prison. Therefore, while Alspaugh may have wanted further attention from her appointed trial counsel, nothing in the record indicates Alspaugh's appointed counsel was in any way deficient in her representation of Alspaugh before the trial court. Accordingly, finding no error in the trial court's decision, Alspaugh's first assignment of error is overruled.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO FIVE YEARS IN PRISON, CONSIDERING THE DEFENDANT'S LACK OF CRIMINAL HISTORY.

{¶ 14} In her second assignment of error, Alspaugh argues the trial court decision to sentence her to five years in prison was excessive considering her lack of criminal history. We again disagree.

{¶ 15} As with all felony sentences, we review this sentence under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's

findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont CA2015-12-096, 2016-Ohio-4921, ¶ 7. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1.

{¶ 16} After a thorough review of the record, we find Alspaugh's five-year prison sentence was neither clearly and convincingly contrary to law nor unsupported by the record. In so holding, we note that although not explicitly stated on the record during her sentencing hearing, it is clear the trial court considered the purposes and principles of sentencing as found in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12. *State v. Lancaster*, 12th Dist. Butler No. CA2007-03-075, 2008-Ohio-1665 (affirming a sentence where the trial court did not state at the sentencing hearing that the court considered R.C. 2929.11 or R.C. 2929.12 specifically, but stated its consideration of both statutes in its judgment entry of conviction).

{¶ 17} The record also makes clear that the trial court sentenced Alspaugh within the permissible statutory range for a first-degree felony. *See* R.C. 2929.14(A)(1) ("[f]or a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, ten, or eleven years"). Therefore, while it may be true that Alspaugh did not have any criminal history, as the trial court properly found, the charges upon which she pled guilty were "extremely serious" and resulted in the loss of a person's life. Accordingly, because the trial court's decision to sentence Alspaugh to five years in prison was not excessive given the

facts and circumstances of this case, Alspaugh's second assignment of error is likewise without merit and overruled.

{¶ 18} Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.