[Cite as *State v. Liso*, 2022-Ohio-1271.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-11-015 |
| | : | O P I N I O N |
| - vs - | | 4/18/2022 |
| | : | |
| JAMES LISO, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 20112227

Zac Corbin, Brown County Prosecuting Attorney, and Mary McMullen, Assistant Prosecuting Attorney, for appellee.

James Liso, pro se.


**S. POWELL, P.J.**

{¶ 1} Appellant, James Liso, appeals the decision of the Brown County Court of Common Pleas denying his motion to vacate its November 7, 2013 judgment resentencing him to an indefinite ten-years-to-life prison term after a jury found him guilty of one count of first-degree felony rape. For the reasons outlined below, we affirm the trial court's decision.

{¶ 2} Following a two-day jury trial, Liso was found guilty of one count of first-degree felony rape in violation of R.C. 2907.02(A)(1)(b). The charge arose after it was alleged Liso

forced the victim, CM., who was then just ten years old, to perform oral sex on him. After the jury returned its verdict, the trial court sentenced Liso to a straight ten-year prison term. Liso then appealed. While Liso's appeal was pending, the Ohio Department of Rehabilitation and Correction ("ODRC") sent a letter to the trial court asking the trial court to clarify Liso's sentence because a flat ten-year prison term was not a statutorily permissible punishment for first-degree felony rape in violation of R.C. 2907.02(A)(1)(b).

{¶ 3} After receiving the ODRC's letter, the trial court held a resentencing hearing. During resentencing, the trial court resentenced Liso to serve an indefinite term of ten years to life in prison rather than a straight ten-year prison term. This court, however, reversed and remanded the matter for another resentencing. In so holding, this court initially determined that the trial court lacked jurisdiction to hold a resentencing hearing and resentence Liso to an indefinite ten-year-to-life prison term while his direct appeal was still pending. *State v. Liso*, 12th Dist. Brown No. CA2012-08-017, 2013-Ohio-4759, ¶ 37 and 38 ("*Liso I*"), discretionary appeal not allowed, 138 Ohio St.3d 1435, 2014-Ohio-889. Specifically, this court held, in pertinent part, the following:

> Regardless of the parties' arguments as to what the sentence should be, the trial court lacked jurisdiction to resentence Liso while his appeal was pending.
>
> * * *
>
> The record indicates that Liso was sentenced on August 23, 2012 and filed his notice of appeal on August 31, 2012. At that point, the trial court was divested of its jurisdiction to resentence Liso to a term of ten years to life because doing so inhibited our ability to affirm, reverse, or modify the trial court's judgment. As such, we reverse and vacate the trial court's resentence of Liso.

{¶ 4} Thereafter, as it relates to the trial court's original judgment initially sentencing Liso to a flat ten-year prison term, this court also held:

> Liso's ten-year sentence was void because the trial court disregarded statutory requirements when imposing the

- 2 -

sentence because the statutes do not permit a flat ten-year sentence for the rape of a child under 13 years of age.

*Id.* at ¶ 39. This court then reversed the trial court's original judgment and remanded the matter for the limited purpose of resentencing Liso "according to law." *Id.* at ¶ 40.

**{¶ 5}** Upon remand, the trial court held yet another resentencing hearing and again resentenced Liso to an indefinite term of ten years to life. Liso appealed the trial court's resentencing decision and this court affirmed. *State v. Liso*, 12th Dist. Brown Nos. CA2013-11-013 and CA2013-11-016, 2014-Ohio-3549 ("*Liso II*"), motion for delayed appeal denied, 142 Ohio St.3d 1408, 2015-Ohio-1099. In so holding, this court stated, in pertinent part, the following:

> Liso argues the "evidence was insufficient" to support the trial court's "excessive" sentence. However, pursuant to R.C. 2971.03(B)(1)(a), the trial court was statutorily required to resentence Liso to at least the mandatory minimum sentence of ten-years-to-life in prison due to his rape conviction under R.C. 2907.02(A)(1)(b). * * * As the trial court explicitly stated during the resentencing hearing, R.C. 2971.03(B)(1)(a) "gives the Court no latitude on what the sentence that I must impose on you, Mr. Liso." We find no error in the trial court's decision.

(Internal citations omitted.) *Id.* at ¶ 11.

**{¶ 6}** On September 27, 2021, nearly seven years after this court's decision in *Liso II* was released, Liso moved to vacate the trial court's November 7, 2013 judgment resentencing him to an indefinite term of ten years to life. The trial court denied Liso's motion on October 20, 2021. In so holding, the trial court stated:

> Nothing in the record or the cited cases gives the Defendant the right to the relief he seeks. The issue of his re-sentencing was ruled upon by the Twelfth District. The appeal of that decision was not accepted by The Supreme Court of Ohio. The cited cases do not make the Defendant's re-sentencing void or voidable. Defendant's Motion is without merit and is hereby overruled.

**{¶ 7}** Liso now appeals the trial court's decision denying his motion to vacate its

November 7, 2013 judgment, raising the following single assignment of error for review.

**{¶ 8}** THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT FAILED TO VACATE AN INVALID RESENTENCING THAT OCCURRED ON NOVEMBER 7, 2013.

**{¶ 9}** Liso claims the trial court erred by denying his motion to vacate its November 7, 2013 judgment resentencing him to an indefinite ten-years-to-life prison term. To support this claim, Liso argues the trial court's original judgment sentencing him to a straight ten-year prison term controls over the trial court's subsequent judgment resentencing him to an indefinite term of ten years to life in prison. This is because, according to Liso, the trial court's original judgment was never "vacated" by this court on appeal.

**{¶ 10}** However, while we agree this court never explicitly stated the trial court's original judgment was "vacated," this court did specifically state that judgment was "void" because "the statutes do not permit a flat ten-year sentence for the rape of a child under 13 years of age." *Liso I*, 2013-Ohio-4759 at ¶ 39. This court's holding required that the trial court's original judgment be reversed and the matter remanded to the trial court for the limited purpose of resentencing. *Id*. at ¶ 39 thru 41. Therefore, by reversing and remanding the matter to the trial court for resentencing, it is clear the trial court's original judgment sentencing Liso to a straight ten-year prison term was *vacated* and thereafter *superseded* by the trial court's November 7, 2013 judgment resentencing Liso to an indefinite term of ten years to life. Liso's claim otherwise lacks merit.

**{¶ 11}** Liso also argues this court "exceeded its jurisdiction" in *Liso I* by reversing the trial court's judgment sentencing him to a straight ten-year prison term and remanding the matter to the trial court for the limited purpose of resentencing Liso "according to law." *Id.* at ¶ 40. Liso is wrong. Pursuant to App.R. 12(A)(1)(a), on an undismissed appeal from a trial court, this court shall "[r]eview and affirm, modify, or reverse the judgment or final order

appealed[.]" That is exactly what this court did in *Liso I*, a decision the Ohio Supreme Court declined to review, and *Liso II*, a decision upon which the Ohio Supreme Court denied Liso's motion for leave to file a delayed notice of appeal. Liso's claim otherwise again lacks merit.

{¶ 12} In so holding, we note that Liso's argument raised in his appellate brief alleging this court's decision in *Liso I* was wrongly decided and based on a "mistaken belief" is barred by the doctrine of res judicata. *State v. Casey*, 12th Dist. Clinton No. CA2017-08-013, 2018-Ohio-2084, ¶ 15 ("[r]es judicata bars a petitioner from 're-packaging' evidence or issues that either were or could have been raised in trial or on direct appeal"). Therefore, finding no merit to any of the arguments raised by Liso herein in support of his single assignment of error, Liso's single assignment of error lacks merit and is overruled.

{¶ 13} Judgment affirmed.

HENDRICKSON and BYRNE, JJ., concur.