OPINION
{¶ 1} Defendant-appellant, Michael Patrick Kelly, appeals the decision of the Butler County Court of Common Pleas convicting him of unlawful sexual conduct with a minor. We affirm the trial court's decision.
 {¶ 2} On July 9, 2005, B.E. and D.L., both minors, met with appellant and two of his friends to go camping. Instead of camping though, the group rented a room at the CC Motel in Ross Township. Appellant's friends subsequently left the motel, while appellant, B.E. and D.L. stayed and consumed beer. After D.L. fell asleep in the other motel bed, appellant engaged in sexual intercourse with B.E. B.E. was thirteen years old and appellant was eighteen. Several weeks later, B.E. informed her mother about the incident, who reported it to the Butler County Sheriff's Department.
 {¶ 3} On August 16, 2005, a Butler County Sheriff's Detective interviewed the alleged victim and her mother; then spoke with appellant. After being advised of his Miranda rights, appellant gave a tape-recorded statement where he confirmed the sexual conduct with B.E. at the motel. He also stated that he knew that she was thirteen at the time of the incident. As a result, appellant was charged with unlawful sexual conduct with a minor in violation of R.C. 2907.04, a fourth-degree felony.
 {¶ 4} Four days prior to trial, the state filed supplemental discovery identifying B.E.'s mother as a witness and three days prior to trial appellant filed supplemental discovery identifying Wayne Goins as a witness. Each side objected to the opposing witnesses for failure to timely comply with discovery pursuant to Crim.R. 16(E)(3). The trial court sustained both objections and did not allow either witness to testify at trial.
 {¶ 5} At trial, appellant denied having sexual intercourse with B.E. and claimed that he confessed during the interrogation because he felt pressured by the detective. The detective, B.E., and D.L. also testified at trial. The jury found appellant guilty as charged. As a result, appellant was sentenced to fifteen months in prison with credit for 46 days served and also found to be a sexually-oriented offender. Appellant timely appealed, raising three assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY EXCLUDING THE TESTIMONY OF A KEY WITNESS."
 {¶ 8} Appellant argues in his first assignment of error that the trial court abused its discretion by excluding the testimony of Wayne Goins. At trial appellant proffered that Goins would have testified that he overheard a conversation in the lobby of the Hamilton Municipal Court between B.E. and her mother where B.E. stated she was not sure the sexual intercourse ever occurred.
 {¶ 9} Crim.R. 16(E)(3) gives wide authority to the trial court in fashioning a remedy for a discovery violation. "It is readily apparent that under this rule, the trial court is vested with a certain amount of discretion in determining the sanction to be imposed for a party's nondisclosure of discoverable material. The court is not bound to exclude such material at trial although it may do so at its option."State v. Parson (1983), 6 Ohio St.3d 442, 445. Accordingly, our inquiry is limited to a determination of whether the trial court's action in this case constituted an abuse of discretion. Id. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} Appellant argues the exclusion of his witness in this case violates Lakewood v. Papadelis (1987), 32 Ohio St.3d 1. The Supreme Court of Ohio ruled in Papadelis that "[a] trial court must inquire into the circumstances surrounding a violation of Crim.R. 16 prior to imposing sanctions pursuant to Crim.R. 16(E)(3). The factors to be considered by the trial court include the extent to which the prosecution will be surprised or prejudiced by the witness' testimony, impact of witness preclusion on the evidence at trial and the outcome of the case, whether violation of the discovery rules was willful or in bad faith, and the effectiveness of less severe sanctions." Id. at 5. Although a trial court should impose the least drastic sanction possible, the rule should not be construed to mean that the exclusion of testimony is never a permissible sanction in a criminal case. Id. "It is only when exclusion acts to completely deny defendant his or her constitutional right to present a defense that the sanction is impermissible." Id.
 {¶ 11} Appellant urges that the trial court's actions served to deny him his right to present a defense. In this case, the trial court made an inquiry into the last minute witness disclosures by both sides, and determined that it was unfair to both the defense and the prosecution to allow the opposing witnesses to testify without adequate opportunity for investigation. Goins is appellant's next-door neighbor. The trial court voiced concern that appellant's witness was disclosed for the first time late Friday evening (trial was scheduled for Monday morning) since the case had been pending since August. Additionally, appellant's counsel admitted during the proffer that most of Mr. Goins' testimony is hearsay.
 {¶ 12} Appellant further argues that although the exclusion of both witnesses appears to be fair, the denial severely limited the defense while imposing no real limits on the state. Specifically, appellant urges that the only reason the state wished to present the victim's mother as a witness was for her to testify to the victim's age, which was supplemented by the introduction of the victim's birth certificate as an exhibit. Appellant's argument is unpersuasive. Appellant objected to the mother as a witness. If he would not have objected, appellant would have had the opportunity to question her about the conversation that Goins claimed to overhear. The exclusion did not deny appellant's right to present a defense. Accordingly, we cannot say the trial court abused its discretion by excluding appellant's witness. Appellant's first assignment of error is overruled.
 {¶ 13} Assignment of Error No. 2:
 {¶ 14} "THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 15} In his second assignment of error, appellant argues the "victim's testimony [could] not possibly be believed by a reasonable trier of fact" because it is contradicted by an independent witness, no physical evidence existed and the victim made the allegation while legally intoxicated.
 {¶ 16} In considering a manifest weight of the evidence challenge, an appellate court reviews the entire record, weighing the evidence and all reasonable inferences that can be drawn from it, and considers the credibility of witnesses, to determine whether in resolving conflicts in the evidence, "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, quoting State v. Martin (1983), 20 Ohio App.3d 172. In reviewing a manifest weight of the evidence claim, an appellate court is obligated to consider the credibility of the witnesses and the weight to be given the evidence presented. Id. However, these issues are primarily matters for the trier of fact to decide since the trier of fact is in the best position to judge the credibility of the witnesses and the weight to be given the evidence. State v. DeHass (1967),10 Ohio St.2d 230.
 {¶ 17} Appellant urges that the jury did not correctly weigh the evidence because the victim's testimony was inconsistent with other witnesses and no physical evidence existed. The major inconsistency that appellant cites is a four hour discrepancy as to when the incident occurred between the victim's testimony and D.L.'s testimony. The victim testified that appellant had sexual intercourse with her around 8:10 p.m. when D.L. was sleeping in the other bed. On the other hand, D.L. testified that she believed she fell asleep around midnight, but she also testified that she did not know what happened while she was asleep. D.L. further testified that the victim informed her the next day at the mall that she had sex with appellant the previous night. In reviewing the record the evidence shows the jury did not clearly lose its way because the testimony remained consistent except for the time differential. In addition, the lack of physical evidence can be attributed to the fact that the incident was not reported until several weeks afterward.
 {¶ 18} Appellant made a tape-recorded statement confessing to having intercourse with the victim at the motel. At trial, appellant's testimony consisted mostly of a denial of the confession, claiming that "I just don't work well under pressure." Appellant urged the jury to believe he lied to the police twice, first in an oral statement made to the detective and then later in the taped confession, because he was subjected to pressure from the detective. Appellant made the confession after less than 20 minutes with the detective. Great deference must be given to the trier of fact because it is in the best position to weigh the evidence and assess the credibility of the witnesses. Id.
 {¶ 19} By its verdict, the jury chose to credit the testimony of the victim and appellant's confession, finding that appellant committed unlawful sexual conduct with a minor. The record indicates that the jury clearly did not lose its way and create such a manifest miscarriage of justice that the conviction should be reversed. Appellant's second assignment of error is overruled.
 {¶ 20} Assignment of Error No. 3:
 {¶ 21} "APPELLANT'S DUE PROCESS RIGHT TO LEGAL COUNSEL WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 22} Appellant argues in his third assignment of error that he received ineffective assistance of counsel because counsel did not file a motion to suppress nor provide timely discovery for his defense witness.
 {¶ 23} To determine whether counsel's performance constitutes ineffective assistance, appellant must show that the representation was deficient and appellant was prejudiced as a result. Strickland v.Washington (1984), 466 U.S. 668, 687-88, 693, 104 S.Ct. 2052;State v.Bradley (1989), 42 Ohio St.3d 136, 142. Appellant must first show that his counsel's performance "fell below an objective standard of reasonableness." Id. at 688. To warrant reversal, appellant must then demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and as a result "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691.
 {¶ 24} Appellant first argues trial counsel was ineffective because he failed to properly investigate, interview and disclose Goins as a witness. Appellant's trial counsel stated that he had inadvertently discovered Goins around noon on the Friday before trial. "Counsel's representation cannot be deemed professionally unreasonable where the alleged deficient representation results from evidence counsel knew nothing about, or pertinent information relating to appearance or identification which was withheld from counsel." State v. Gregory (Sept. 3, 1991), Butler App. No. CA91-03-052, at 3. Trial counsel cannot be deemed professionally unreasonable in this case where he knew nothing about the witness.
 {¶ 25} Appellant also argues trial counsel was ineffective for failure to file a motion to suppress appellant's statements to the detective. "Failure to file a suppression motion does not constitute per se ineffective assistance of counsel." State v.Drummond, 111 Ohio St.3d 14, 2006-Ohio-5084, ¶ 208, citing State v.Madrigal (2000), 87 Ohio St.3d 378, 389. "Where the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion." Id., citing State v.Gibson (1980), 69 Ohio App.2d 91, 95. Failure to file a motion to suppress signifies ineffective assistance only when the record establishes that the motion would have been successful if made.State v. Bullock, Clermont App. No. CA2005-04-031, 2006-Ohio-598, ¶ 19, citing State v. Robinson (1996), 108 Ohio App.3d 428, 433. In this case appellant offers no basis to believe that a motion to suppress would have been successful. Appellant's third assignment of error is overruled.
 {¶ 26} Judgment affirmed.
WALSH, P.J. and BRESSLER, J., concur.