[Cite as *State v. DeHart*, 2019-Ohio-1048.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-06-060 |
| | : | O P I N I O N |
| - vs - | | 3/25/2019 |
| | : | |
| KAZIE MARIE DEHART, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 17CR33409

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

Jeffery E. Richards, 147 Miami Street, P.O. Box 536, Waynesville, OH 45068, for appellant

**PIPER, J.**

{¶ 1} Appellant, Kazie DeHart, appeals her convictions in the Warren County Court of Common Pleas for aggravated trafficking in drugs with a firearm specification, two counts of aggravated possession of drugs, possession of cocaine, improperly handling firearms in a motor vehicle, tampering with evidence, and carrying concealed weapons.

{¶ 2} A major with the Warren County Sheriff's Office was on patrol when he observed a vehicle driving 52 m.p.h. in a zone with a maximum speed of 35 m.p.h. The

major initiated a traffic stop for speeding and located four occupants in the vehicle. DeHart, who initially produced a driver's license with a different name, was the front seat passenger. The major ultimately identified the four occupants and discovered that the driver was driving under suspension and was also the subject of an active felony arrest warrant. The major had the four occupants exit the vehicle and placed the driver in his cruiser.

{¶ 3} After DeHart and the driver gave conflicting stories regarding ownership of the vehicle and what they were doing that evening, the major called for a canine sniff. The canine alerted to the presence of drugs inside the vehicle. To protect himself from exposure to dangerous implements, the major asked DeHart if there were illegal substances in the vehicle. DeHart confirmed that there was methamphetamine inside a purse in the vehicle. DeHart further acknowledged that the purse belonged to her and later confirmed that a white substance found inside her purse was cocaine and another bag contained methamphetamine. A detective, who appeared as back up on the scene, then advised DeHart of her *Miranda* rights. After being advised of her rights, DeHart also acknowledged that she had firearms in her purse. A search revealed two loaded guns and one unloaded gun in the bottom of DeHart's purse.

{¶ 4} The investigation also yielded several baggies of methamphetamine, pills, marijuana, drug paraphernalia, counterfeit money, multiple identification cards, credit cards in other people's names, a stamp collection, jewelry, and a digital scale inside DeHart's purse. DeHart later admitted that she had hidden methamphetamine inside her body.

{¶ 5} DeHart was indicted for aggravated trafficking in drugs with a firearm specification, two counts of aggravated possession of drugs, possession of cocaine, improperly handling firearms in a motor vehicle, tampering with evidence, and carrying concealed weapons. DeHart elected to have a bench trial. The trial court found her guilty on

all counts and sentenced her to an aggregate three-year prison term. DeHart now appeals her convictions and sentence, raising the following assignment of error:

{¶ 6} THE VERDICTS OF GUILTY WERE DUE TO A VIOLATION OF DEFENDANT'S CONSTITUTIONAL RIGHTS TO HAVE EFFECTIVE ASSISANCE [SIC] OF COUNSEL.

{¶ 7} DeHart argues in her sole assignment of error that she was denied the right to effective assistance of counsel essentially because her trial counsel did not file a motion to suppress before the bench trial began.

{¶ 8} To prevail on an ineffective assistance of counsel claim, an appellant must establish that (1) her trial counsel's performance was deficient, and (2) such deficiency prejudiced the defense to the point of depriving the appellant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it "fell below an objective standard of reasonableness." *Id.* at 688. To show prejudice, the appellant must prove there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other. *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000).

{¶ 9} The Ohio Supreme Court has consistently declined to second-guess trial strategy decisions or impose hindsight views about how counsel could have performed differently. *State v. Pickens*, 141 Ohio St.3d 462, 2014-Ohio-5445. Trial counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *State v. Setty*, 12th Dist. Clermont Nos. CA2013-06-049 and CA2013-06-050, 2014-Ohio-2340, ¶ 60.

{¶ 10} The failure to file a motion to suppress does not constitute per se ineffective assistance of counsel. *State v. Smith*, 12th Dist. Fayette No. CA2014-05-013, 2015-Ohio-1094, ¶ 44. "Where the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion." *State v. Wells*, 12th Dist. Warren No. CA2016-02-009, 2017-Ohio-420, ¶ 48. The failure to file a motion to suppress "signifies ineffective assistance of counsel only when the record establishes that the motion would have been successful if made." *State v. Kelly*, 12th Dist. Butler No. CA2006-01-002, 2007-Ohio-124, ¶ 25. Further, even when there is some evidence in the record to support a motion to suppress, "an appellate court presumes that defense counsel was effective if defense counsel could reasonably have decided that the motion to suppress would have been futile." *State v. Dominguez*, 12th Dist. Preble No. CA2011-09-010, 2012-Ohio-4542, ¶ 20.

**Statements**

{¶ 11} After reviewing the record, we find that DeHart was not denied her right to effective assistance of counsel. DeHart argues that her trial counsel should have filed a motion to suppress the statements she made because she did not receive timely *Miranda* warnings. However, the record indicates that no such motion would have been granted because DeHart was not in custody at the time she confirmed that the purse and its contents belonged to her.

{¶ 12} Police are not required to administer *Miranda* warnings to every individual they question. *State v. Byrne*, 12th Dist. Butler Nos. CA2007-11-268 and CA2007-11-269, 2008-Ohio-4311, ¶ 10. Rather, the "duty to advise a suspect of constitutional rights pursuant to *Miranda* is only required when the police subject a person to a custodial interrogation." *State v. Fridley*, 12th Dist. Clermont No. CA2016-05-030, 2017-Ohio-4368, ¶ 35. Custodial interrogation is any questioning initiated by law enforcement officers after a person has been

- 4 -

taken into custody or otherwise deprived of his freedom of any action in any significant way. *State v. Schaaf*, 12th Dist. Preble No. CA2018-03-004, 2019-Ohio-196.

{¶ 13} At the time DeHart made her statements, she was not in custody. DeHart was merely a passenger in a vehicle that had been stopped for speeding. The driver had been taken into custody for driving under suspension and having an open warrant for his arrest. However, DeHart had not been placed under arrest, nor did the major indicate at that time that DeHart was subject to arrest. Instead, the record indicates that DeHart and the other passengers stood by while police investigated the driver's traffic violations and the officers' later attempts to determine if any of the passengers could take charge of the vehicle given the driver's arrest and detention. Only after DeHart acknowledged her ownership of the purse and its illegal contents did it become necessary to arrest DeHart and place her in custody. At that point, DeHart was expressly advised of her right against self-incrimination, which was timely given the circumstances. Thus, a motion to suppress on these grounds would not have been granted and DeHart cannot show the required prejudice to support an ineffective assistance of counsel claim.

**Traffic Stop**

{¶ 14} DeHart also argues that her trial counsel should have filed a motion to suppress evidence because her detention was illegal. The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution prohibit unreasonable searches and seizures, including unreasonable automobile stops. *Bowling Green v. Godwin*, 110 Ohio St.3d 58, 2006-Ohio-3563, ¶ 11. When the police stop a vehicle based on probable cause that a traffic violation has occurred, the stop is reasonable under the Fourth Amendment. *State v. Thomas*, 12th Dist. Warren No. CA2012-10-096, 2013-Ohio-3411, ¶ 19.

{¶ 15} When detaining a motorist for a traffic violation, a police officer may detain the motorist for a time period sufficient to allow the officer to issue a ticket and investigate the

traffic violation. *State v. Coleman*, 12th Dist. Fayette No. CA2011-09-020, 2012-Ohio-3630, ¶ 11. When analyzing whether an officer completed the traffic stop within a reasonable length of time, the court must evaluate the duration of the stop in light of the totality of the circumstances and consider whether the officer diligently conducted the investigation. *State v. Batchili*, 113 Ohio St.3d 403, 2007-Ohio-2204.

{¶ 16} After reviewing the record, we find that the major properly conducted the traffic stop and that DeHart was never subjected to an illegal seizure of her person. The major initiated the valid traffic stop upon observing the speeding vehicle, and later learned that the driver had a suspended license and a valid warrant for his arrest. During the time it took the major to investigate the developing criminal activity associated with the driver, a canine indicated the presence of drugs in the vehicle and an investigation into that matter uncovered DeHart's possession of multiple drugs and firearms. All of the major's actions were reasonable under the circumstances and occurred within minutes of initiating the traffic stop. As such, any motion to suppress filed for this reason would have been denied and DeHart cannot show prejudice in relation to her ineffective assistance of counsel claim.

### Search of DeHart's Purse

{¶ 17} DeHart also argues that her counsel should have filed a motion to suppress the evidence found during a search of her purse. However, when an officer has probable cause to believe a vehicle contains evidence of a crime, contraband, or other evidence that is subject to seizure, the officer may conduct a warrantless search of every part of the vehicle and its contents, including all moveable containers and packages, that could logically conceal the objects of the search. *State v. Philpot*, 145 Ohio App.3d 231, 237 (12th Dist.2001).

{¶ 18} Once the canine alerted to the presence of drugs in the vehicle, the major and other officers had sufficient probable cause to investigate the issue further by searching the vehicle. DeHart's purse was located on the front passenger seat of the vehicle and clearly

could have contained drugs. Moreover, DeHart acknowledged that the purse contained drugs, so the officers had probable cause to search the purse. Evidence seized because of that search was not subject to suppression. Any motion DeHart's counsel would have filed to suppress this evidence would have been overruled.

{¶ 19} DeHart cannot show that she received ineffective assistance of counsel for lack of filing a motion to suppress because she cannot demonstrate that any such motion would have been granted. At such, DeHart's single assignment of error is overruled.

{¶ 20} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.