[Cite as *State v. Hunt*, 2021-Ohio-3400.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NOS. CA2021-02-003 |
| | | CA2021-02-004 |
| Appellee, | : | CA2021-02-005 |
| | | CA2021-02-006 |
| | : | CA2021-02-007 |
| - vs - | | |
| | : | |
| | | O P I N I O N |
| CHRISTOPHER HUNT, | : | 9/27/2021 |
| | | |
| Appellant. | : | |


CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case Nos. CRI20200136; CRI20200156; CRI20200159; CRI20200219; CRI20200256


Jess C. Weade, Fayette County Prosecuting Attorney, and Sean Abbott, Assistant Prosecuting Attorney, for appellee.

Steven H. Eckstein, Fayette County Public Defender, for appellant.


**M. POWELL, P.J.**

{¶ 1} Appellant, Christopher Hunt, appeals his convictions in the Fayette County Court of Common Pleas. For the reasons stated below, we affirm the decision of the trial court.

{¶ 2} This appeal involves five separate indictments filed between June 2020 and October 2020, which resulted in convictions for tampering with evidence, possession of a

fentanyl related compound, illegal conveyance of drugs of abuse onto the grounds of a detention facility or institution, and two counts of aggravated possession of drugs.

{¶ 3} Hunt was initially indicted in Case No. CRI20200136 for aggravated possession of drugs. The charge stemmed from an officer's search and subsequent arrest of Hunt on February 24, 2020. That day, officers were dispatched to a Boost Mobile store in response to a suspicious male inside the store. When the officers arrived, they discovered the male, Hunt, in the passenger seat of a parked vehicle. During this encounter, an active arrest warrant was discovered for the driver of the vehicle. While removing the driver from the vehicle, the officer advised Hunt to place his hands on the dashboard. Hunt failed to comply and began reaching toward his waistband. Due to Hunt's furtive movements and noncompliance, the officer ordered him out of the vehicle and conducted a pat-down search for weapons. During the pat-down, the officer discovered an object causing a "noticeable bulge" in Hunt's pocket. It was later determined that the object contained eight grams of methamphetamine. Hunt was then arrested and placed in the Fayette County Jail.

{¶ 4} The indictment in Case No. CRI20200156 for the illegal conveyance of drugs of abuse onto the grounds of a detention facility or institution involved a February 26, 2020 incident while Hunt remained incarcerated in the Fayette County Jail after his arrest in the incident described above. The charge arose after an inmate at the jail overdosed on a narcotic he discovered in Hunt's bunk. The investigation of this matter revealed jail security video depicting Hunt removing "something" from his anal cavity after sitting on the toilet for several minutes. A subsequent search yielded methamphetamine in Hunt's bunk.

{¶ 5} Hunt was indicted in case CR120200159 for tampering with evidence in violation of R.C. 2921.12(A)(1). This case concerned an encounter between Hunt and a police officer on June 11, 2020, when the officer observed Hunt in a parking lot during

- 2 -

routine road patrol. Hunt fled from the officer and grabbed at his waistline as he fled. Hunt was subsequently apprehended and placed in the back of the officer's cruiser. While in the back seat of the cruiser, Hunt, who was handcuffed, pulled a "baggy of narcotics" from his waistline and began "chewing on the suspected baggy of narcotics." A ripped baggy with residue was recovered from the back of the cruiser.

{¶ 6} In Case No. CRI20200219, Hunt was indicted for possession of a fentanyl-related compound and in Case No. CRI20200256 for aggravated possession of drugs and possession of a fentanyl-related compound. These indictments arose from searches conducted by officers at the Fayette County Jail on June 14 and 15, 2020. On June 14, 2020, the officers responded to a report of narcotics inside the jail. A deputy discovered two baggies of narcotics in Hunt's court paperwork while Hunt was showering. Later testing determined the baggies contained methamphetamine. On June 15, 2020, officers responded to reports of potential narcotics inside the jail. Upon conducting a search of the area near Hunt's bunk, the officers discovered narcotics wrapped in pieces of court paperwork belonging to Hunt, which later tested positive for fentanyl and heroin.

{¶ 7} On July 1, 2020, after his arraignment in Case Nos. CRI20200136 and CRI20200156, the trial court found Hunt to be indigent and appointed Kathryn Hapner as his counsel. Ultimately, Hapner was appointed to represent Hunt in each of his five cases, and the cases were joined for trial.

{¶ 8} In November 2020, Hunt moved the trial court to sever the joined cases, or in the alternative, to separate the cases arising from events that occurred in June from the cases arising from events that occurred in February. After a hearing, the trial court granted Hunt's motion, and severed the June cases from the February cases.

{¶ 9} On December 4, 2020, Hapner filed a motion to withdraw as Hunt's counsel. According to Hapner's motion, she had met with Hunt that day in preparation for his trial

and Hunt "expressed dissatisfaction with her representation and asked * * * her to withdraw as his counsel." On December 28, 2020, the trial court held a hearing on the matter, where Hunt discussed his dissatisfaction with Hapner's representation. Hunt's primary complaint was that he had requested Hapner to file a motion to suppress, but she had failed to do so. When questioned by the trial court, Hunt could not articulate what he sought to suppress and confirmed that he did not know how to file his own motion. Hunt then claimed Hapner had "never even handled [his] case" and that she was not sufficiently familiar with the case to represent him. The trial court rejected Hunt's claims and stated Hapner was familiar with his case and would be prepared for trial on January 28, 2021. Following this hearing, the trial court issued a decision denying Hapner's motion to withdraw.

{¶ 10} On January 11, 2021, less than three weeks before trial, Hunt moved the trial court to suppress all evidence in Case Nos. CRI20200136 and CRI20200156 that resulted from his stop and detention on February 24, 2020 and February 26, 2020.

{¶ 11} On January 25, 2021, the trial court held a hearing on Hunt's motion to suppress, and initially noted that, because the motion was untimely, the burden was on Hunt to demonstrate a reasonable probability that the suppression motion would be granted before the trial court would grant Hunt leave to file the motion. After considering counsel's arguments, the trial court denied Hunt's request for leave to file the untimely motion to suppress.

{¶ 12} Thereafter, pursuant to plea negotiations, Hunt entered no contest pleas in Case Nos. CRI20200136, CRI20200156, CRI20200256, and CR120200159; and entered an *Alford* plea of guilty in Case No. CRI20200219. As a result of his pleas, Hunt was convicted of illegal conveyance of weapons or prohibited items onto the grounds of a detention facility, tampering with evidence, possession of a fentanyl related compound and two counts of aggravated possession of drugs. The remaining charges were dismissed.

- 4 -

After a hearing, the trial court sentenced Hunt to an aggregate prison term of 60 months.

{¶ 13} Hunt now appeals, raising three assignments of error for our review.

{¶ 14} Assignment of Error No. 1:

{¶ 15} THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO WITHDRAW AS COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION'S AND OHIO CONSTITUTION'S, ARTICLE I, SECTION 10 GUARANTEE OF THE RIGHT TO ASSISTANCE OF COUNSEL.

{¶ 16} In his first assignment of error, Hunt argues the trial court erred by denying Hapner's request to withdraw as counsel. Hunt's argument is without merit.

{¶ 17} As noted above, Hunt was found indigent and Hapner was appointed as counsel in each of his five cases. "An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate 'good cause' to warrant substitution of counsel." *State v. Liso*, 12th Dist. Brown Nos. CA2013-11-013 and CA2013-11-016, 2014-Ohio-3549, ¶ 7. The term "good cause" includes a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result. *State v. Bullock*, 12th Dist. Clermont No. CA2005-04-031, 2006-Ohio-598, ¶ 13. The decision whether to substitute an appointed attorney for an indigent defendant is within the trial court's sound discretion. *State v. Bizzell*, 12th Dist. Clinton No. CA2006-04-015, 2007-Ohio-2160, ¶ 6. A trial court also has discretion to grant an attorney's motion to withdraw from representation. *State v. Annor*, 12th Dist. Butler No. CA2009-10-248, 2010-Ohio-5423, ¶ 26. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *State v. Tyree*, 12th Dist. Fayette No. CA2016-09-012, 2017-Ohio-4228, ¶ 9.

{¶ 18} On appeal, Hunt claims the trial court abused its discretion in concluding he did not establish "good cause" for substitution of counsel. In support of his argument, Hunt

points to the "total lack of communication" between Hunt and Hapner related to the filing of a motion to suppress and Hunt's belief that Hapner was unprepared for trial. After a thorough review of the record, we reject Hunt's arguments and find no error in the trial court's decision denying Hapner's motion to withdraw as counsel.

{¶ 19} Despite Hunt's claims otherwise, the record indicates he was adequately represented by Hapner at all times relevant and that Hapner was sufficiently prepared for trial. First, although Hapner did not timely file a motion to suppress, the record reflects she was otherwise active and competent in her representation of Hunt, including successfully severing the five joined cases into two separate trials and negotiating a plea agreement with the state that resulted in the dismissal of three felony charges. Hapner also participated in six hearings on the record prior to requesting to withdraw in December 2020, including a hearing in November 2020 where Hunt indicated he was "getting along okay" with his counsel. Such participation does not rise to a level of a "complete breakdown" in communication or an irreconcilable conflict that would warrant removal in a case.

{¶ 20} Additionally, while Hunt believed Hapner should have filed a motion to suppress, he could not articulate to the trial court the basis for the suppression of any evidence, or what evidence he believed should have been suppressed. The record also reflects the trial court determined Hapner was adequately familiar with Hunt's cases and the court was generally not concerned with Hapner's participation in the case prior to the hearing on her motion to withdraw. When considering the trial court's ability to observe Hapner's performance during the proceedings, we conclude it was the trial court, not this court on appeal, that was in the best position to evaluate the quality of Hapner's representation of Hunt. See, e.g., *State v. Morrow*, 2d Dist. Montgomery Nos. CA 9420 and CA 9447, 1987 Ohio App. LEXIS 8195, * 40 (Aug. 5, 1987).

{¶ 21} Thus, although the record reflects Hunt and Hapner may have had a strained

relationship, it did not amount to good cause to warrant substitution of counsel and Hapner's removal from the case. That is, nothing in the record indicates Hapner was in any way deficient in her representation of Hunt before the trial court and the trial court did not abuse its discretion in denying Hapner's motion to withdraw. Therefore, finding no merit to Hunt's arguments raised herein, Hunt's first assignment of error is overruled.

{¶ 22} Assignment of Error No. 2:

{¶ 23} THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE MOTION FOR LEAVE TO FILE A MOTION TO SUPPRESS.

{¶ 24} In his second assignment of error, Hunt argues the trial court abused its discretion in denying his oral motion for leave to file a motion to suppress in Case Nos. CRI20200136 and CRI20200156.

{¶ 25} A defendant must raise a motion to suppress evidence before trial. Crim.R. 12(C). More specifically, a motion to suppress evidence must be raised "within thirty-five days after arraignment or seven days before trial, whichever is earlier[,]" but in the "interest of justice[,]" a court may extend the time limit. Crim.R.12(D). A defendant's failure to raise a pretrial motion constitutes a waiver. Crim.R. 12(H). However, for "good cause shown[,]" a court may grant relief from the waiver. *Id.* Accordingly, a defendant who needs additional time to file a motion to suppress evidence may obtain an extension prior to the expiration of time if the court finds that doing so is in the "interest of justice." Crim.R.12(D). But once the time for filing a pretrial motion has passed and waiver has occurred, a court may only grant relief from waiver for "good cause shown." Crim.R.12(H).

{¶ 26} "'The trial court's decision whether to permit leave to file an untimely motion to suppress is within its sound discretion.'" *Cleveland v. Oko*, 8th Dist. Cuyahoga No. 103278, 2016-Ohio-7774, ¶ 12, quoting *State v. Perry*, 3d Dist. Marion No. 9-12-09, 2012-Ohio-4656, ¶ 13. An abuse of discretion implies a decision that is unreasonable, arbitrary,

- 7 -

or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. *Id*.

{¶ 27} In the instant matter, Hunt was arraigned in Case Nos. CRI20200136 and CRI20200156 on June 29, 2020. Hunt did not file his motion to suppress until January 11, 2021, well outside the time requirements of Crim.R. 12 and without requesting leave to file the motion out of time. Thus, to file the motion out of time, Hunt was required to "offer a convincing reason to warrant relief" from waiver. *State v. Davis*, 12th Dist. Butler No. CA97-12-240, 1998 Ohio App. LEXIS 4550, * 5 (Sept. 28, 1998).

{¶ 28} After a review, we find Hunt failed to provide a convincing reason to warrant relief from waiver. Rather, the record reflects Hapner chose not to offer any explanation for the delay in filing the motion to suppress, despite being afforded an opportunity to do so. Specifically, the record indicates Hunt and his counsel had discussed the circumstances surrounding the alleged illegal search, including a discussion on the record with the trial court regarding the basis for a motion to suppress, prior to January 2021, but did not request leave to file a motion at that time. Additionally, although Hapner conceded at the hearing on the motion that the case had been pending for over 200 days at that time, she offered no explanation as to why she did not file the motion to suppress sooner, or request leave to do so, until shortly before trial.[1]

{¶ 29} In light of the foregoing, we conclude Hunt failed to provide a convincing reason to warrant relief from his failure to file the motion to suppress within the time requirements set forth in Crim.R. 12. The trial court, therefore, did not abuse its discretion

---

1. As the discussion of the third assignment of error indicates, it does not appear that there was a legitimate basis for a motion to suppress, which may explain why Hapner offered no explanation for why she had not filed a motion to suppress. Counsel could hardly have stated on the record that she did not file a motion to suppress because in her professional judgment she believed it to be meritless.

in declining to grant Hunt leave to file the untimely motion to suppress.

{¶ 30} Hunt's second assignment of error is overruled.

{¶ 31} Assignment of Error No. 3:

{¶ 32} TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION & ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.

{¶ 33} In his remaining assignment of error, Hunt argues that he received ineffective assistance of counsel because his trial counsel did not file a timely motion to suppress in Case Nos. CRI20200136 and CRI20200156.

{¶ 34} To prevail on an ineffective assistance of counsel claim, an appellant must establish that (1) trial counsel's performance was deficient, and (2) such deficiency prejudiced the defense to the point of depriving the appellant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it "fell below an objective standard of reasonableness." *Id.* at 688. To show prejudice, the appellant must prove there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. An appellant's failure to satisfy one prong of the Strickland test negates a court's need to consider the other. *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000).

{¶ 35} The failure to file a motion to suppress does not constitute per se ineffective assistance of counsel. *State v. DeHart*, 12th Dist. Warren No. CA2018-06-060, 2019-Ohio-1048, ¶ 10, citing *State v. Smith*, 12th Dist. Fayette No. CA2014-05-013, 2015-Ohio-1094, ¶ 44. "Where the record contains no evidence which would justify the filing of a motion to

- 9 -

suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion." *State v. Wells*, 12th Dist. Warren No. CA2016-02-009, 2017-Ohio-420, ¶ 48. Thus, the failure to file a motion to suppress "signifies ineffective assistance of counsel only when the record establishes that the motion would have been successful if made." *State v. Kelly*, 12th Dist. Butler No. CA2006-01-002, 2007-Ohio-124, ¶ 25.

{¶ 36} As noted above, Hunt's counsel filed an untimely motion to suppress shortly before trial. In his motion, Hunt claimed the officer lacked a reasonable articulable suspicion of criminal activity to justify a search of Hunt or his property. Hunt now argues on appeal that there is a reasonable probability that a full hearing would have shown a Fourth Amendment violation of Hunt's rights during the search of his person on February 24, 2020. After a review of the record, we disagree with Hunt's claims.

{¶ 37} At the hearing related to Hunt's motion to suppress, counsel for the state and Hunt discussed the events giving rise to the search of Hunt and the subsequent discovery of the methamphetamine in Hunt's pocket. Through counsel, Hunt claimed the methamphetamine should be suppressed because the officers were alerted to the parking lot by an unknown person and "had no reason" to order Hunt out of the vehicle and to search him. However, as explained by the state at the hearing and conceded by Hunt's counsel, the record reflects Hunt failed to comply when asked to place his hands on the vehicle's dashboard, and that Hunt made furtive hand movements around his waistband and waist area. Hunt's movements put the officers "on alert," and Hunt was then placed into custody for officer safety purposes. At that time, the officers conducted a pat-down search for weapons, which yielded the discovery of a large "lump" of methamphetamine in Hunt's pocket. Hunt's counsel did not dispute the facts presented at the hearing and confirmed the encounter was captured on video.

{¶ 38} After considering the circumstances leading to the search of Hunt and the discovery of the methamphetamine, the record does not establish that Hunt's motion to suppress would have been successful if it had been timely filed. This is because the record does not indicate that the methamphetamine in Hunt's pocket was discovered and collected in violation of any of Hunt's constitutional rights. See, e.g., *State v. Morris*, 10th Dist. Franklin No. 09AP-751, 2010-Ohio-1383, ¶ 17 (affirming the denial of a motion to suppress drugs discovered after pat-down search for weapons where the defendant disobeyed an officer's commands and made furtive movements towards his pant pockets), citing *State v. Grundy*, 2d Dist. No. 2008 CA 62, 2009-Ohio-4950, ¶ 18 (pat-down search permitted where the defendant's act of reaching into his pocket led the officer to fear for his safety); *State v. Elliott*, 8th Dist. Cuyahoga No. 92324, 2010-Ohio-241, ¶ 19 (pat-down search permitted where the defendant made furtive gestures towards his waistband). Consequently, because the record fails to establish that the motion would have been anything but futile if timely made, we find Hunt did not receive ineffective assistance of counsel.

{¶ 39} Hunt's third assignment of error is overruled.

{¶ 40} Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.