[Cite as *State v. Smith*, 2024-Ohio-5752.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-06-039 |
| - vs - | : | O P I N I O N<br>12/9/2024 |
| | : | |
| JERRY M. SMITH II, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2024 TRC 2347(A), (B)


Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nick Horton, Assistant Prosecuting Attorney, for appellee.

Hope Platzbecker, for appellant.



**PIPER, J.**

{¶ 1} Appellant, Jerry M. Smith II, appeals from his convictions in the Clermont County Municipal Court following his no contest pleas to operating a vehicle while under the influence of alcohol ("OVI") and driving under OVI suspension.[1]  For the reasons

---

1. Smith is no stranger to this court having previously appealed his conviction for assaulting a sheriff's deputy by grabbing the deputy's wrist and attempting to take her service weapon. *See State v. Smith*, 2022-Ohio-1984 (12th Dist.).

outlined below, we affirm Smith's convictions.

{¶ 2} On March 5, 2024, Smith was charged with OVI in violation of R.C. 4511.19(A)(1)(a), his third such offense within the preceding ten years, and driving under an OVI suspension in violation of R.C. 4510.14(A). Smith was subsequently arraigned on March 11, 2024, where he entered a plea of not guilty to both charges. Two weeks later, on April 1, 2024, Smith changed his not guilty pleas to pleas of no contest. The trial court accepted Smith's no contest pleas and thereafter sentenced Smith to serve a total of 525 days in jail, less 57 days of jail-time credit. The trial court also ordered Smith to pay fines totaling $1,450 and suspended Smith's driver's license for a period of ten years.

{¶ 3} On June 3, 2024, Smith filed a notice of appeal. Following briefing, on November 14, 2024, Smith's appeal was submitted to this court for consideration. Smith's appeal now properly before this court for decision, Smith has raised the following single assignment of error for review.

{¶ 4} APPELLANT'S COUNSEL'S FAILURE TO FILE A MOTION TO SUPPRESS RESULTED IN APPELLANT RECEIVING INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 5} In his single assignment of error, Smith argues his trial counsel was ineffective for not filing a motion to suppress in this case. We disagree.

{¶ 6} "The standard by which we review claims of ineffective assistance of counsel is well established." *State v. Carter*, 72 Ohio St.3d 545, 557, 1995-Ohio-104. "To establish ineffective assistance, a defendant must show (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defendant." *State v. Kyles*, 2024-Ohio-998, ¶ 30 (12th Dist.), citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694 (1984).

{¶ 7} Courts determine deficient performance by asking whether counsel's

conduct "fell below an objective standard of reasonableness." *Strickland* at 688. When making this determination, the reasonableness of counsel's conduct must be judged based on "the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Only when counsel's errors were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" has counsel engaged in deficient performance. *Id.* at 687.

**{¶ 8}** To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. This requires the errors to be so significant as to "undermine confidence in the outcome." *Id.* "A defendant's failure to make a sufficient showing of either prong of the *Strickland* inquiry is fatal to his claim of ineffective assistance." *State v. Lloyd*, 2022-Ohio-4259, ¶ 31, citing *id.* at 697.

**{¶ 9}** "The failure to file a motion to suppress is not per se ineffective assistance of counsel." *State v. Fluhart*, 2021-Ohio-3560, ¶ 52 (12th Dist.). Rather, "[t]o establish ineffective assistance of counsel for failure to file a motion to suppress, a defendant must be able to prove that there was a basis for suppression of the evidence in question." *State v. Satterwhite*, 2021-Ohio-2878, ¶ 37 (12th Dist.), citing *State v. Brown*, 2007-Ohio-4837, ¶ 65. "Thus, the failure to file a motion to suppress 'signifies ineffective assistance of counsel only when the record establishes that the motion would have been successful if made.'" *State v. Hunt*, 2021-Ohio-3400, ¶ 35 (12th Dist.), quoting *State v. Kelly*, 2007-Ohio-124, ¶ 25 (12th Dist.).

**{¶ 10}** But, "even when there is some evidence in the record to support a motion to suppress, 'an appellate court presumes that defense counsel was effective if defense counsel could reasonably have decided that the motion to suppress would have been futile.'" *State v. DeHart*, 2019-Ohio-1048, ¶ 10 (12th Dist.), quoting *State v. Dominguez*,

2012-Ohio-4542, ¶ 20 (12th Dist.). This is significant when considering "[a]n attorney is not ineffective for failing to make a futile or frivolous request." *State v. Pack*, 2023-Ohio-3200, ¶ 17 (12th Dist.); *see, e.g., State v. White*, 2022-Ohio-2182, ¶ 14 (12th Dist.) (rejecting appellant's claim that his trial counsel was ineffective for failing to file a motion to suppress where appellant's trial counsel "could have determined that filing a motion to suppress . . . would have been a futile or frivolous act").

{¶ 11} Smith argues his trial counsel was ineffective for not filing a motion to suppress "the video of the stop and the police report as evidence" in this case. Smith, however, provides no cogent argument as to why he believes filing such a motion would have been successful. Smith instead provides a series of seemingly random, unconnected thoughts and conjectures about the likelihood of success of such a motion had one been filed. This includes Smith alleging that the "lack of evidence" set forth in the record establishing his guilt of OVI and driving under OVI suspension "is strong evidence that a motion to suppress would have been successful." Yet, as is generally the case when a defendant pleads out, the lack of evidence in the record is primarily due to Smith entering pleas of no contest rather than taking the matter to trial, as was his right to do.

{¶ 12} That said, and despite Smith failing to provide a cogent argument as to why he believes filing a motion to suppress would have been successful, this court has reviewed the record and can find no basis upon which Smith's trial counsel could have moved to suppress either the video of the stop or the police report as evidence in this case. Therefore, because the record is lacking any basis upon which a motion to suppress could have been made, we find Smith's trial counsel reasonably could have determined that filing a motion to suppress in this case would have been a futile or frivolous act. Again, as noted above, "[a]n attorney is not ineffective for failing to make a

futile or frivolous request." *Pack*, 2023-Ohio-3200 at ¶ 17. Accordingly, because an attorney is not ineffective for failing to make a futile or frivolous request, Smith's single assignment of error lacks merit and is overruled.

{¶ 13} Judgment affirmed.

BYRNE, P.J., and HENDRICKSON, J., concur.